[No. G025519. Fourth Dist., Div. Three. Dec. 27, 2001.]

MARY ELLEN LOHNES, Plaintiff, v.
ASTRON COMPUTER PRODUCTS et al., Defendants and Respondents;
CRUM & FORSTER, Intervener and Appellant.

**COUNSEL**

Hanna, Brophy, MacLean, McAleer & Jensen and Anthony J. Macauley for Intervener and Appellant.

William C. Cole & Associates and Scott A. Whitcomb for Defendants and Respondents.

## OPINION

**RYLAARSDAM, Acting P. J.**—Intervener Crum & Forster appeals from a trial court's order granting a motion to strike its complaint in intervention filed in an action against defendants Astron Computer Products and John Lee. Intervener contends the court abused its discretion. We agree and remand for further proceedings.

### FACTS

Plaintiff Mary Ellen Lohnes sued defendants for damages she sustained in an auto accident, which occurred almost a year earlier. Defendants answered, discovery commenced, and the court set a trial date. About two and one-half months before trial, intervener, plaintiff's employer's workers' compensation carrier, filed a complaint in intervention seeking indemnification. Shortly thereafter, plaintiff voluntarily dismissed the underlying complaint. Defendants moved to strike the complaint in intervention because intervener failed to seek leave of the court before filing its complaint as provided by Code of Civil Procedure section 387. In opposition, intervener asserted that the accepted practice in Orange County did not require a petition and order granting leave before filing a complaint in intervention, and the clerk's office advised parties as such. Accordingly, intervener argued it had complied with the accepted practice and met the statutory requirement. Finding the intervention invalid, the court stated, "[It] was not persuaded by the courtroom assistant's or the court clerk's advice, the secretary who had never sought leave before, . . . or the California Workers['] Damages Practice Guide as to Orange County rules . . . ." The court struck the complaint in intervention without leave to amend.

Thereafter, intervener moved for reconsideration. At the hearing, the trial court acknowledged the long accepted practice to deviate from written policy and asserted, "It's not fair to kick somebody out of court, who legitimately called up, found out what the policy was, or found out that basically everybody is saying there's no reason to do that." It granted the motion for reconsideration and permitted intervener to seek leave, but refused to vacate the order striking the complaint. Further, the court noted that the written policy requiring an order for leave of court had been reinstated.

### DISCUSSION

*An Intervener Must Obtain Leave of Court Before Filing a Complaint in Intervention*

An internal Orange County Superior Court 1988 memorandum provided that an order for leave of court was not required when a complaint in

intervention was filed pursuant to Labor Code section 3853. The document specifically distinguished this action from one brought under Code of Civil Procedure section 387. Subsequently, the Orange County Court Clerk adopted the procedure of accepting complaints in intervention without first requiring an order granting leave to file the pleading.

■ Intervener asserts any procedural requirement to obtain leave of court only applies to complaints for permissive intervention (Code Civ. Proc., § 387, subd. (a)), not mandatory intervention (Code Civ. Proc., § 387, subd. (b)). Further, it insists Orange County's previous policy is permitted under Code of Civil Procedure section 387. When intervention is authorized by statute, intervener contends an order to obtain leave is a mere formality because the court lacks any discretion to do anything other than grant the order. Intervener is mistaken on both matters.

While Labor Code section 3853 provides a workers' compensation carrier who pays benefits with an unconditional right to intervene in an employee's action against a third party tortfeasor, Code of Civil Procedure section 387 provides the authorization and proper procedure for intervention in general. (*Mar v. Sakti Internat. Corp.* (1992) 9 Cal.App.4th 1780, 1783 [12 Cal.Rptr.2d 388].) ■ Whether intervention is permissive or mandatory, a petition to seek leave is required; without permission from the court, a party lacks any standing to the action. (*Ibid.*) Though a party may assert it holds unconditional right to intervention, that right is not absolute. A court must initially determine whether the petition is timely. (*Id.* at pp. 1783-1784.) This exercise of discretion is solely a judicial function, which may not be delegated to a clerk. (See *People v. Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289, 1294-1295 [100 Cal.Rptr.2d 433].)

*Trial Court Abused Its Discretion*

■ Intervener relied on Orange County's local practice to file its complaint in intervention without first seeking court permission. That failure served as the basis for the trial court's order granting defendant's motion to strike the complaint. Even after the court acknowledged intervener's failure was a direct consequence of the court clerk's deviation from the written statute, it refused to vacate the order. Instead, it intended to give intervener "another shot" and put the matter "back to square one" by permitting it leave to file a complaint in intervention.

But the court's refusal to rescind the order essentially terminated the action without giving intervener an opportunity to cure the defect. Though the initial complaint in intervention could have been maintained notwithstanding plaintiff's voluntary dismissal (see *Catello v. I.T.T. General Controls* (1984) 152 Cal.App.3d 1009, 1014-1015 [200 Cal.Rptr. 4] [if complaint

in intervention could have been brought independently, it can survive the dismissal of underlying action]; see also *Bishop v. Silva* (1991) 234 Cal.App.3d 1317, 1324-1327 [285 Cal.Rptr. 910] [complaint in intervention under Lab. Code, § 3853 can still be maintained when underlying action is involuntarily dismissed]), intervener could not file a new complaint in intervention when the underlying action had already been dismissed (*Andersen v. Barton Memorial Hospital, Inc.* (1985) 166 Cal.App.3d 678, 685, fn. 9 [212 Cal.Rptr. 626]), and the one-year statute of limitations had already run on the underlying action (*County of San Diego v. Sanfax Corp.* (1977) 19 Cal.3d 862, 879 [140 Cal.Rptr. 638, 568 P.2d 363]).

Intervener's reliance on and compliance with the court clerk's accepted practice cannot serve as a basis for the court's order striking the complaint in intervention for improper filing (Code Civ. Proc., § 436, subd. (b)). Based on the foregoing, the court abused its discretion.

### DISPOSITION

The order striking the complaint in intervention is vacated and the matter is remanded for further proceedings. Upon remand, the trial court is ordered to determine whether intervener's petition to intervene in the initial action was timely. Each party shall bear its own costs on appeal.

O'Leary, J., and Moore, J., concurred.