[No. B181881. Second Dist., Div. Four. Sept. 19, 2005.]

SHAPELL INDUSTRIES, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ALLAN STARK, Real Party in Interest.

## COUNSEL

Wood, Smith, Henning & Berman, Stephen J. Henning, Tod R. Dubow and Eve A. Brackmann for Petitioners.

No appearance for Respondent.

Susman Godfrey, Marc M. Seltzer, David H. Orozco, Rachel S. Black and Kathryn P. Hoek for Real Party in Interest.

**OPINION**

**CURRY, J.—**

## INTRODUCTION

Petitioners Shapell Industries, Inc. and Shapell Industries Escrow[1] challenge the respondent superior court's order granting a motion for leave to file a second amended complaint adding a new plaintiff as an individual and as the representative plaintiff of an uncertified class. Shapell contends the trial court lacked subject matter jurisdiction to allow the second amended complaint to be filed to add a new plaintiff, real party in interest Allan Stark, because the original plaintiff, Steven J. Borecki, had voluntarily dismissed himself as a party to the action, after attempting to name Stark as a coplaintiff in a first amended complaint without first obtaining leave of court. According to Shapell, Borecki dismissed the entire action, thus divesting the trial court of subject matter jurisdiction. Shapell further contends that neither Stark nor Borecki had standing to seek leave to file a second amended complaint because the voluntary dismissal removed Borecki from the action and Stark was never properly made a party to the action.

We issued an order to show cause in this original proceeding. We now conclude that the order of dismissal pertained to Borecki alone, and that his dismissal did not divest the trial court of subject matter jurisdiction, such that it became incompetent to continue to hear the matter and permit the second amended complaint to be filed naming Stark as the representative plaintiff. The petition for extraordinary writ is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Borecki filed a complaint in February 2004, alleging three causes of action on his own behalf as an individual as well as a class action on behalf of home buyers who purchased real property from Shapell Industries, Inc. and were charged for escrow services purportedly rendered by Shapell Industries Escrow. The first cause of action was for violation of Civil Code section 2995,[2] the second for violation of the unfair competition law (Bus. & Prof. Code, § 17200 et seq.), and the third for restitution.

---

[1] Shapell Industries Escrow is a division of Shapell Industries, Inc. Both entities are named in the complaint. The petitioners will be referred to herein collectively as "Shapell," except where specific reference to one or the other is required.

[2] Civil Code section 2995 provides in part: "No real estate developer shall require as a condition precedent to the transfer of real property containing a single family residential dwelling that escrow services effectuating such transfer shall be provided by an escrow entity in which the real estate developer has a financial interest."

In August 2004, Shapell's demurrer to Borecki's individual cause of action for violation of Civil Code section 2995 was sustained with leave to amend on statute of limitations grounds and for failure to state a cause of action against Shapell Industries Escrow, which is not a real estate developer.[3] Demurrer was overruled as to the second and third causes of action stated by Borecki as an individual. Shapell's demurrer to the entire complaint on the basis of the class action allegations was sustained with leave to amend based on Borecki's failure to adequately plead a community of interest regarding the law and facts among the class members, the court noting that Borecki had not cited authority permitting him to represent a class even though his own claim is barred by the statute of limitations.

Borecki filed a first amended complaint on August 25, 2004, naming Allan Stark (who purchased his home in June 2002) as an additional plaintiff, in an attempt to cure the class action allegations. In response, on September 28, 2004, Shapell filed a demurrer to the first amended complaint, along with a motion to strike Stark from the amended complaint on the ground that Borecki had not sought or obtained leave of court to add Stark as a plaintiff.

While the demurrer was pending for hearing, on October 15, 2004, Borecki filed a request for dismissal of the action as to himself. The request for dismissal and supporting declaration stated that the dismissal without prejudice was as to Borecki alone, that Borecki reserved his rights as "an absent class member," and that Borecki understood that the action would continue to be litigated by Stark as the plaintiff.

The trial court granted the request for dismissal and entered an order dismissing Borecki, "without prejudice to his rights as an absent class member," on October 27, 2004.

On January 6, 2005, the trial court granted Shapell's motion to strike Stark from the first amended complaint, finding that Stark had not been effectively added as a plaintiff because leave of court had not been sought, in violation of Code of Civil Procedure section 473, and that such leave is required even where a plaintiff has been granted leave to amend a complaint upon the sustaining of a demurrer. The request to add a plaintiff must be made by way of a motion, application, or stipulation. In its minute order, the court stated: "The Court gives leave to defendant [sic] to file motion, application, and/or stipulation." The demurrer was deemed to be moot.

---

[3] The applicable statute of limitations for Civil Code section 2995 is three years (Code Civ. Proc., § 338 [nonpenal statutory violations]); Borecki purchased his home in February 2000 and filed the complaint in February 2004.

On January 29, 2005, Borecki filed a motion seeking leave to file a second amended complaint adding Stark as a plaintiff. The motion named Borecki as the sole plaintiff in the action—despite the fact he had been dismissed from the action—but identified Stark as the moving party. Borecki argued that the entire action was not dismissed in October 2004 because Stark was already a party to the class action by virtue of his being an absent member of the proposed class. Borecki argued that case authority permitted substitution of a qualified representative class plaintiff for a plaintiff determined to be unqualified, such that Stark was permitted to be added as a plaintiff.

Shapell filed opposition on February 7, 2005, arguing that the dismissal of Borecki at the time when Stark had not properly been added as a plaintiff terminated the trial court's subject matter jurisdiction over the entire action. As such, neither Borecki (who had voluntarily dismissed himself out), nor Stark, a nonparty, had standing to file the motion to amend. Shapell pointed out that the cases relied upon in the motion to amend as permitting substitution of representative plaintiffs all involved ongoing actions in which the original plaintiff had not dismissed the action before the substitution occurred.

Borecki filed a reply brief, again arguing that the entire action had not been dismissed. He contended that because the trial court had sustained Shapell's demurrer to the first amended complaint with leave to amend, it had thus implicitly invited and/or authorized the addition of Stark as a successor plaintiff in a second amended complaint.

Hearing was held on the matter on February 18, 2005. The trial court granted leave to file the second amended complaint.

Shapell then filed its petition for writ of mandate on March 24, 2005, and requested a stay of the trial court proceedings. Preliminary opposition to the writ petition was filed on behalf of Stark on April 4, 2005, followed by Shapell's reply to the preliminary opposition, filed April 14, 2005.

On June 10, 2005, this court issued an alternative writ and ordered the trial court proceedings stayed pending further order of this court.

Stark filed a return on July 8, 2005. Shapell filed a reply to the return on August 3, 2005.[4]

---

[4] Petitioners notified us *for the first time* by letter dated September 30, 2005, and filed on October 3, 2005, that *on July 22, 2005,* the respondent trial court vacated its order of February 18, 2005, thus complying with the alternative writ issued by this court on June 10, 2005. Petitioners' lengthy delay in notifying this court of that significant development was in direct contravention of the portion of the alternative writ ordering that "In the event that respondent

## DISCUSSION

### I. Attempt to Amend Without Seeking Leave of Court Was a Nullity

Shapell's first demurrer was sustained with leave to amend after Borecki essentially conceded that the three-year statute of limitations barred his individual cause of action under Civil Code section 2995. Shapell contends that Borecki's attempt to add Stark as a named representative plaintiff or substitute Stark for Borecki in the first amended complaint was a nullity, since Borecki failed to specifically request leave of court to do so.

In support of this contention, Shapell cites authority to the effect that naming a new party in a complaint without obtaining prior leave of court is a nullity. (*Phoenix of Hartford Ins. Companies v. Colony Kitchens* (1976) 57 Cal.App.3d 140, 147 [128 Cal.Rptr. 893]; *Taliaferro v. Davis* (1963) 220 Cal.App.2d 793, 794–795 [34 Cal.Rptr. 120] [leave of court required to add new party defendant, although demurrer sustained *with* leave to amend; adding the names of new parties requires the express permission of the court]. See also *Himmel v. City Council* (1959) 169 Cal.App.2d 97, 101 [336 P.2d 996] [amending complaint to add additional plaintiff requires permission of court under Code of Civil Procedure section 473;[5] motion to strike will be granted where new parties are added to a pleading without permission of court].)

We agree that the proper course would have been for Borecki to seek leave of court to file the first amended complaint adding Stark as a plaintiff and substituting him for Borecki as the named representative plaintiff.

---

complies with alternative (a) of this writ at any time prior to September 15, 2005, petitioner shall *immediately* so advise this court by letter and file a certified copy of the order constituting such compliance as soon as one can be obtained." (Italics added.)

We strongly caution petitioners against engaging in such conduct in the future, which would justify an award of sanctions against them were we inclined to impose them.

Ordinarily, we would dismiss a petition as moot if the trial court complies with the terms of the alternative writ. However, when a pending case involves a question of public interest that is likely to recur between the parties or others, "the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot." (*In re William M.* (1970) 3 Cal.3d 16, 23 [89 Cal.Rptr. 33, 473 P.2d 737].) We find the issues in this case warrant our consideration. Further, given the conclusion that we reach, our failure to resolve the issue would result in a miscarriage of justice, since the outcome would be inconsistent with the conclusion we reach on the specified legal issue before us.

[5] Code of Civil Procedure section 473 provides in relevant part: "(a)(1) The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect . . . ."

## II. Voluntary Dismissal of Named Representative Plaintiff Does Not Effect a Dismissal of the Entire Action

Shapell further contends that after the ineffectual attempt to add Stark as a plaintiff, the trial court's granting of Borecki's request for dismissal resulted in dismissal of the entire action, and the divestment of subject matter jurisdiction, such that the trial court lacked jurisdiction thereafter to allow an amendment to the complaint. We disagree.

We note that the parties have not cited and our research has not found a case involving the unusual procedural scenario that occurred here. In order to decide the issue presented in this case, we must extrapolate from cases discussing the nature of class actions and the procedures and precepts that govern their maintenance, as well as cases that deal in general with voluntary dismissals and amendment of pleadings.

■ It is true that "[f]ollowing entry of a dismissal of an action by a plaintiff under Code of Civil Procedure section 581, a 'trial court is without jurisdiction to act further in the action [citations] except for the limited purpose of awarding costs and statutory attorney's fees.'" (*Harris v. Billings* (1993) 16 Cal.App.4th 1396, 1405 [20 Cal.Rptr.2d 718].) Furthermore, "'[a] voluntary dismissal of an entire action deprives the court of subject matter jurisdiction as well as personal jurisdiction of the parties.' (*Casa de Valley View Owner's Assn. v. Stevenson* (1985) 167 Cal.App.3d 1182, 1192 [213 Cal.Rptr. 790].)" (*Harris v. Billings, supra,* 16 Cal.App.4th at p. 1405; see also *Lohnes v. Astron Computer Products* (2001) 94 Cal.App.4th 1150, 1154 [115 Cal.Rptr.2d 34].)

■ However, Borecki did not request dismissal of the entire action. He specifically requested dismissal of the causes of action stated on behalf of himself as an individual, not of the entire action. His reasons for seeking dismissal were purportedly personal, including the fact he had moved out of state, and were not based on the merits or an acknowledgement that he could not amend the complaint to cure the defects in his cause of action for violation of Civil Code section 2995. The order of dismissal itself stated that dismissal was as to Borecki, "without prejudice to his rights as an absent class member." Granted, his dismissing himself as an individual party to the action meant that there was no named representative plaintiff of the putative class. But in our view the putative class remained extant, awaiting proper amendment of the complaint to add a new representative plaintiff. A dismissal by only some of the plaintiffs means the court is not divested of subject matter jurisdiction and the suit continues. (*Casa de Valley View Owner's Assn. v. Stevenson, supra,* 167 Cal.App.3d at p. 1192.) When a court has

jurisdiction over the parties and subject matter of a suit, its jurisdiction continues until a final judgment is entered. (*Riley v. Superior Court* (1957) 49 Cal.2d 305, 309 [316 P.2d 956].)

Shapell takes issue, however, with the notion that the unnamed putative class members, including Stark, could be treated as parties in the absence of a named plaintiff, such that a controversy remained over which the trial court could exercise subject matter jurisdiction.

The motion to amend to add Stark as the representative plaintiff cited authority for the proposition that absent members of a proposed class may be parties for some purposes, but for other purposes, e.g., payment of defense fees and costs if defendant prevails, they are not. (See *Earley v. Superior Court* (2000) 79 Cal.App.4th 1420, 1434, fn. 11 [95 Cal.Rptr.2d 57], citing *National Solar Equipment Owners' Assn. v. Grumman Corp.* (1991) 235 Cal.App.3d 1273, 1281–1282 [1 Cal.Rptr.2d 325], for ruling that unnamed class members are parties for purposes of discovery, but not for all purposes under Code Civ. Proc., § 382.[6])

█  Stark also cites cases authorizing substitution of a qualified representative plaintiff for an existing unqualified representative plaintiff. (See *La Sala v. American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 872, 875–876 & fn. 11 [97 Cal.Rptr. 849, 489 P.2d 1113] (*La Sala*); *Cal. Gas. Retailers v. Regal Petroleum Corp.* (1958) 50 Cal.2d 844, 850–851 [330 P.2d 778]; *Klopstock v. Superior Court* (1941) 17 Cal.2d 13, 19–22 [108 P.2d 906].) Admittedly, these authorities do not involve substitution after the original representative plaintiff has dismissed himself from the action, nor where the qualified representative plaintiff failed to specifically obtain leave of court for the substitution. But these cases demonstrate that California courts recognize and preserve the rights of absent class members, even before the issue of certification has been determined.

█  Discussion of *La Sala, supra*, 5 Cal.3d 864 is instructive, if not determinative. There, the defendant granted the benefits sought in the class action to the representative plaintiffs, though not the class as a whole. The trial court dismissed the action, sua sponte, based on its finding that the named plaintiffs, by reason of the benefits they received from defendants, no longer controverted the issue with defendants and thus became disqualified to represent the class. The Supreme Court held "that whenever the dismissal of a class action stems from a defendant's grant of benefits to the representative

---

[6] Section 382 of the Code of Civil Procedure provides in relevant part that "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

plaintiffs, which are not provided to the class as a whole, the court may not dismiss the action without notice to the class; we therefore conclude that the court erred in the dismissal in the present case." (*La Sala, supra,* 5 Cal.3d at p. 868.)

■ The court continued: "Even if the named plaintiff receives all the benefits that he seeks in the complaint, such success does not divest him of the duty to continue the action for the benefit of others similarly situated." (*La Sala, supra,* 5 Cal.3d at p. 871.) "Whether the named plaintiffs will fairly and adequately protect that class frames an issue that rests in the discretion of the trial court [citation]." (*Ibid.*) "If, however, the court concludes that the named plaintiffs can no longer suitably represent the class, it should at least afford plaintiffs the opportunity to amend their complaint, to redefine the class, or to add new individual plaintiffs, or both, in order to establish a suitable representative. (See *Cal. Gas. Retailers v. Regal Petroleum Corp.*[, *supra,*] 50 Cal.2d 844, 850–851 [330 P.2d 778]; [Citations.].)" (*Id.* at p. 872.) "If, after the court has thus extended an opportunity to amend, the class still lacks a suitable representative, the court may conclude that it must dismiss the action." (*Ibid.*) Even then, the Supreme Court held, the trial court must notify the class of the proposed dismissal. (*Ibid.*)

■ Similarly illustrative of the protection afforded absent class members, California Rules of Court, rule 1860(a), provides: "A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. Requests for dismissal must be accompanied by an affidavit or a declaration setting forth the facts on which the party relies. The affidavit or declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail." The rule is applicable to all class actions "until such time as the court finds the action is not maintainable as a class action or revokes a prior certification of the class." (Cal. Rules of Court, rule 1850(a).)

Here, Borecki sought court approval of his dismissal, and it was given, but approval was not given by the court to dismiss the entire action. Indeed, such approval would have constituted an abuse of discretion where the court had not found that the complaint failed to properly allege a community of interest among the proposed class members, although Shapell had demurred on that basis. The question remains, however, whether the dismissal of Borecki, leaving no named representative plaintiff in place, resulted in the trial court losing subject matter jurisdiction over the matter. As previously stated, there do not appear to be any published cases addressing this specific issue under the circumstances present here.

■ "Generally, subject matter jurisdiction is the court's power to hear and resolve a particular dispute or cause of action . . . . [Citations.]"

(*Donaldson v. National Marine, Inc.* (2005) 35 Cal.4th 503, 512 [25 Cal.Rptr.3d 584, 107 P.3d 254], italics omitted.) It is sometimes referred to as jurisdiction "in its most fundamental or strict sense," or the "power to hear or determine the case." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942].) We perceive no lapse in the trial court's jurisdiction to hear and determine the dispute at issue here, where thus far the trial court has not determined that the pleading fails to allege a sufficient class. The alleged putative class members are the parties interested in prosecuting the action, such that an actual, justiciable controversy exists, pending amendment to add a named representative plaintiff.

Nor do we find that Stark lacked standing to seek to amend the complaint to add him as the representative plaintiff. "Standing is typically treated as a threshold issue, in that without it no justiciable controversy exists. 'As a general principle, standing to invoke the judicial process requires an actual justiciable controversy as to which the complainant has a real interest in the ultimate adjudication because he or she has either suffered or is about to suffer an injury . . . .' (*Holmes v. California Nat. Guard* (2001) 90 Cal.App.4th 297, 314–315 [109 Cal.Rptr.2d 154].) 'Without standing, there is no actual or justiciable controversy, and courts will not entertain such cases.' (*Clifford S. v. Superior Court* (1995) 38 Cal.App.4th 747, 751 [45 Cal.Rptr.2d 333]; *Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 438 [261 Cal.Rptr. 574, 777 P.2d 610] [contentions based on lack of standing involve jurisdictional challenges and may be raised at any time in the proceeding]; *McKinny v. Board of Trustees* (1982) 31 Cal.3d 79, 90 [181 Cal.Rptr. 549, 642 P.2d 460].) 'The purpose of a standing requirement is to ensure that the courts will decide only actual controversies between parties with a sufficient interest in the subject matter of the dispute to press their case with vigor.' (*Common Cause v. Board of Supervisors, supra,* 49 Cal.3d at p. 439.) Typically, the issue of standing is decided by reference to the allegations made in a party's complaint. (*Clifford S. v. Superior Court, supra,* 38 Cal.App.4th at p. 751.)" (*People v. Superior Court* (*Plascencia*) (2002) 103 Cal.App.4th 409, 420 [126 Cal.Rptr.2d 793].) The second amended complaint, which the trial court permitted to be filed, sufficiently alleges Stark's standing to pursue the action. It sufficiently alleges that he has a real interest in the ultimate adjudication because he has suffered injury.

Stark was a party interested in the action, by virtue of his membership in the uncertified class, at the time Borecki dismissed himself out, rendering Borecki's dismissal only a partial one. Although Stark was ineffectually named as an additional plaintiff because leave of court had not been obtained, it appears he should ultimately come within the class if and when it is certified, and as such he was a party to the action in a sense sufficient to perpetuate the action when the original representative plaintiff dismissed himself out, as were the other absent class members.

■ The trial court did not err in permitting Stark to amend the complaint, where Stark came forward promptly as the proposed representative plaintiff, and where no attempt was made to state a new cause of action against Shapell, but rather the intent was to substitute an unsuitable representative plaintiff for an apparently suitable one. (See generally *Klopstock v. Superior Court, supra,* 17 Cal.2d 13, 18–19.)

## DISPOSITION

The petition for writ of mandate or other extraordinary relief is denied. The alternative writ, having served its purpose, is discharged, and the temporary stay order is lifted upon finality of this decision. Real party in interest shall have his costs.

Epstein, P. J., and Hastings, J., concurred.

A petition for a rehearing was denied October 18, 2005, and the opinion was modified to read as printed above. Petitioners' petition for review by the Supreme Court was denied November 3, 2005.