[No. B234813. Second Dist., Div. Seven. Dec. 12, 2011.]

OBAIDUL H. PIRJADA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PACIFIC NATIONAL SECURITY, INC., Real Party in Interest.

COUNSEL

Westrup Klick, R. Duane Westrup and Christine C. Choi for Petitioner.

No appearance for Respondent.

Davis Gavsie & Hakim, Roxanne A. Davis and Frank Hakim for Real Party in Interest.

OPINION

**PERLUSS, P. J.**—Putative class representative Obaidul H. Pirjada filed a complaint on behalf of himself and a proposed class of all security guards who had been employed in California by Pacific National Security, Inc. (Pacific National), during the immediately preceding four years, asserting causes of action for failure to provide meal and rest periods and various other wage-and-hour claims, as well as a claim for unfair business practices. After Pirjada settled his individual claim through direct negotiations with Pacific National's chief executive officer, respondent superior court granted Pirjada's counsel leave to amend the complaint to name a new class representative but denied his motion to compel precertification discovery to identify a suitable class representative. Counsel for Pirjada, purportedly on behalf of his client, has petitioned for a writ of mandate challenging the order denying discovery. We deny the petition and vacate the previously ordered stay of the order to show cause regarding dismissal, which may proceed pursuant to the requirements of *La Sala v. American Sav. & Loan Assn.* (1971) 5 Cal.3d 864 [97 Cal.Rptr. 849, 489 P.2d 1113] (*La Sala*), *Kagan v. Gibraltar Sav. & Loan Assn.* (1984) 35 Cal.3d 582 [200 Cal.Rptr. 38, 676 P.2d 1060] (*Kagan*) (*Kagan* disapproved in part on another ground in *Meyer v. Sprint Spectrum L.P.* (2009) 45 Cal.4th 634, 643, fn. 3 [88 Cal.Rptr.3d 859, 200 P.3d 295]), and California Rules of Court, rule 3.770 (Rule 3.770).

## FACTUAL AND PROCEDURAL BACKGROUND

On December 13, 2010 Pirjada filed a complaint, and on January 10, 2011 a first amended complaint, against Pacific National for failure to provide meal and rest periods (Lab. Code, §§ 226.7, 512), failure to pay overtime and straight time wages (Lab. Code, §§ 510, 1194), collecting or receiving employee wages (Lab. Code, § 221), failure to timely pay wages (Lab. Code, § 203), failure to maintain and provide accurate itemized pay statements (Lab.

Code, § 226) and unfair business practices (Bus. & Prof. Code, § 17200 et seq.). The lawsuit, which alleged Pirjada had been employed as a security guard by Pacific National from May 2008 until August 2010, was brought on behalf of all security officers in California who are or were employed by Pacific National at any time during the four-year period prior to filing the complaint.

Pacific National answered the first amended complaint on February 24, 2011. On March 10, 2011 Pirjada served by United States mail on counsel for Pacific National a request for production of documents, set one, containing 29 numbered requests, including request No. 27—"all documents and electronic records which set forth the names and the last known addresses for security guards [employed by you at any time during the four-year period prior to December 13, 2010] whose employment with you terminated"—and request No. 29—"all documents and electronic records which set forth the names and last known addresses for security guards employed by you [at any time during the four-year period prior to December 13, 2010]." Pacific National did not object or otherwise respond to the document request within 30 days as required by Code of Civil Procedure section 2031.260, did not seek an extension of time to respond and did not move for a protective order.

In March 2011 N. Joe Ramirez, chief executive officer of Pacific National, negotiated a settlement of Pirjada's claims directly with Pirjada. According to Ramirez's declarations submitted in subsequent proceedings in the superior court, Pirjada approached him at a hearing for unemployment benefits in January 2011, said he was no longer interested in maintaining the class action lawsuit against Pacific National and asked Ramirez to contact his attorney about a settlement. Ramirez explained he negotiated directly with Pirjada only after his efforts to pursue settlement with Pirjada's lawyers at Westrup Klick LLP were unsuccessful. On March 15, 2011 Pirjada signed and sent to Westrup Klick a letter stating, "I have resolved the above case [(*Pirjada v. Pacific National Security*, BC451138)]. Please immediately dismiss my claims in the above Lawsuit with prejudice. Enclosed, please find my settlement agreement and a check for your services."

Pirjada's counsel did not dismiss the lawsuit. Instead, on May 2, 2011, relying primarily on *Best Buy Stores, L.P. v. Superior Court* (2006) 137 Cal.App.4th 772 [40 Cal.Rptr.3d 575] (*Best Buy*), counsel moved for an order providing notice to members of the proposed class that substitution of a suitable class representative was necessary. The proposed order contemplated

use of a third party administrator to enable counsel to learn the identity only of those putative class members who were willing to be contacted about the lawsuit.

Pacific National opposed the motion and separately filed its own motion to dismiss Pirjada's complaint with prejudice pursuant to Rule 3.770 based on the parties' settlement. In its tentative ruling for the hearing on May 26, 2011, the superior court characterized the two motions as, in effect, "cross motions seeking alternative relief in light of a settlement reached by the named plaintiff and the defendant, independently of counsel."

As to the motion to dismiss, the court's tentative ruling noted, although Pirjada had joined in Pacific National's request to dismiss the action, Rule 3.770(a) requires trial court approval before a class action may be dismissed. The court then explained, "The fact that a named plaintiff individually settles his claims does not divest him or his counsel of their [fiduciary] obligations to the putative class members. If the trial court concludes that the named plaintiff can no longer represent the claim, 'It should at least afford plaintiffs the opportunity to amend their complaint, to redefine the class, or to add new individual plaintiffs, or both, in order to establish a suitable representative,' " citing *La Sala, supra,* 5 Cal.3d at page 872. Accordingly, the court indicated it would deny the motion to dismiss and grant 60 days leave to amend to add any new plaintiffs as class representatives.

With respect to the motion for class notice, the court distinguished *Best Buy,* as well as *CashCall, Inc. v. Superior Court* (2008) 159 Cal.App.4th 273 [71 Cal.Rptr.3d 441], because they involved alleged injuries to unsuspecting classes of consumers and "there was no practical way to determine which putative class members were injured and capable of replacing the disqualified class representatives," while in this case the putative class of security guards "is clearly defined and its members know for themselves whether they were injured and wish to assert claims against Defendant." The court emphasized that counsel was free to communicate with anyone who may wish to pursue a claim, citing our decision in *Parris v. Superior Court* (2003) 109 Cal.App.4th 285, 296 [135 Cal.Rptr.2d 90] *(Parris),* but concluded "[c]ourt-sanctioned notice is neither necessary nor appropriate under the circumstances of this case."

At the hearing on the motion Pirjada's counsel stated he intended to move to compel responses to the previously served discovery requests that sought contact information for members of the proposed class. Counsel for Pacific

National argued the question of a motion to compel was not before the court and added, since the court had just denied notice to the class, it should certainly deny a motion to compel discovery that was even more expansive. The court declined to comment on the issue of discovery, set August 4, 2011 for an order to show cause regarding dismissal of the complaint and otherwise adopted its tentative ruling as the ruling of the court.

On June 9, 2011 Pirjada's counsel moved for an order compelling responses to requests Nos. 27 and 29 in the first set of requests for production of documents (security guard contact information), with a hearing date of July 21, 2011.[1] The moving papers noted Pacific National had failed to serve any responses to the entire set of discovery and all objections, therefore, had been waived. Counsel explained Pirjada had been unable to provide contact information for any other putative class members because he had worked at only one location and was the only guard assigned there. In addition, Pirjada had first contacted counsel after his employment had ended. "Thus, in an effort to fulfill its fiduciary duty to the Class and avoid what would be the legal equivalent of a dismissal of the action as to all class members, Plaintiff's counsel files the instant motion to compel to allow for the discovery of a new class representative."

Pacific National opposed the motion to compel, principally arguing (1) Pirjada had settled all his claims before the responses to discovery were due; therefore, it had no duty to respond to the discovery requests. (2) Pirjada's counsel had no right and no standing to seek to compel responses because the discovery had been served by Pirjada. (3) The motion was, in effect, an impermissible motion for reconsideration of the earlier, unsuccessful motion to compel notice to potential class members.

The court first noted the parties had essentially reargued the motions considered on May 21, 2011, although Pirjada's counsel now asked for the class identifying information to be provided directly to him, rather than to a third party administrator. The court then denied the motion, concluding, because Pirjada had settled his claims, "his 3/11/11 discovery is moot." The court also stated it would not reconsider its earlier, May 2011 ruling, explaining, "By noting in the ruling that Plaintiff's counsel is free to communicate with Defendant's employees, the Court did not mean to suggest that counsel is entitled to engage in discovery. The court simply meant that

---

[1] At the May 26, 2011 hearing on the motions to compel class notice and to dismiss, the court had advised counsel motions were then being set for hearing in mid-July.

before the case is dismissed, Plaintiff's counsel should be given the opportunity to locate a representative informally, through the names of witnesses, co-workers and others already known."[2]

On August 1, 2011 Westrup Klick, purportedly acting on behalf of Pirjada,[3] petitioned this court for writ of mandate and/or prohibition and requested an immediate stay of the hearing on the order to show cause regarding dismissal scheduled for August 4, 2011. On August 2, 2011 we stayed the August 4, 2011 hearing and requested that real party in interest Pacific National file an opposition to the petition. On September 1, 2011 we issued an order to show cause why the relief requested in the petition should not be granted and set dates for filing a written return to the petition and a reply to the return.

## DISCUSSION

### 1. *Governing Law*

██ "California courts recognize and preserve the rights of absent class members, even before the issue of certification has been determined." (*Shapell Industries, Inc. v. Superior Court* (2005) 132 Cal.App.4th 1101, 1109 [34 Cal.Rptr.3d 149].) The Westrup Klick/Pirjada writ petition requires analysis of two related aspects of that judicial protection of the rights of unnamed putative class members: case law concerning precertification discovery to identify potential class members, including possible replacements for unqualified lead plaintiffs; and case law and related authority governing dismissal of class actions when a named plaintiff can no longer suitably represent the class.

#### a. *Precertification communications and court-ordered discovery to identify potential class members*

██ In *Parris, supra,* 109 Cal.App.4th 285, a wage-and-hour class action filed on behalf of all current and former nonexempt customer service representatives of Lowe's H.I.W., Inc., this court held no prior judicial

---

[2] The court denied both parties' requests for sanctions.

[3] Pirjada is identified throughout the filing as the petitioner; paragraph 2 of the petition itself avers "Petitioner OBAIDUL H. PIRJADA ('Plaintiff') is the plaintiff in an action now pending in respondent superior court entitled Pirjada v. Pacific National Security, Inc., LASC No. BC317955 (the 'Action')." In its unverified return to the order to show cause, Pacific National denied this allegation, asserting, "[F]ormer Plaintiff Obaidul Pirjada is not the petitioner here. Rather, his former counsel is, since Pirjada settled his claims in good faith with Defendant and real party in interest, Pacific." (But see Cal. Rules of Court, rule 8.487(b)(1) [authorizing return to order to show cause "by demurrer, verified answer, or both"]; *Shaffer v. Superior Court* (1995) 33 Cal.App.4th 993, 996, fn. 2 [39 Cal.Rptr.2d 506] [facts alleged in petition are accepted as true in absence of a return by way of demurrer or verified answer].)

approval is required for precertification communications between the named representatives or counsel for the putative class and potential class members, explaining, "absent specific evidence of abuse, an order prohibiting or limiting precertification communication with potential class members by the parties to a putative class action is an invalid prior restraint . . ." of protected speech. (*Id.* at p. 298.)[4] However, when the lead plaintiff or putative class counsel seeks to enlist the aid of the court in communicating with potential class members—for example, as in *Parris* by moving to compel disclosure of the names and contact information of potential class members—we held it was appropriate for the trial court to consider " 'the possibility of abuses in class-action litigation.' " (*Parris*, at p. 300.) Accordingly, when ruling on a motion to compel disclosure of such information, "in addition to applying the normal rules governing discovery motions, the trial court must also expressly identify any potential abuses of the class action procedure that may be created if the discovery is permitted, and weigh the danger of such abuses against the rights of the parties under the circumstances." (*Id.* at pp. 300–301.)

Several years after *Parris* the Supreme Court confirmed that "[c]ontact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case." (*Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 360, 373 [53 Cal.Rptr.3d 513, 150 P.3d 198] [approving use of third party administrator opt-out procedure to notify customers who had purchased a particular DVD player of their right to participate in a class action]; see *Lee v. Dynamex, Inc.* (2008) 166 Cal.App.4th 1325, 1337–1338 [83 Cal.Rptr.3d 241] [trial court abused its discretion by denying motion to compel disclosure of potential class members through use of an opt-out procedure]; see also *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561 [57 Cal.Rptr.3d 197] ["[j]ust as the dissatisfied Pioneer customers could be expected to want their information revealed to a class action plaintiff who might obtain relief for the allegedly defective DVD players [citation], so can current and former Belaire-West employees reasonably be expected to want their information disclosed to a class action plaintiff who may ultimately recover for them unpaid wages that they are owed"].)

Even a lead plaintiff who for some reason is unqualified to serve as a class representative "may, in a proper case, move for precertification discovery for the purpose of identifying a new class representative." (*Safeco Ins. Co. of*

---

[4] We noted, when engaging in precertification communications, a member of the State Bar of California must comply with the requirements of the State Bar Rules of Professional Conduct and abide by its prohibitions on false, misleading and deceptive messages or face possible disciplinary action. (*Parris, supra,* 109 Cal.App.4th at p. 298, fn. 6.)

*America v. Superior Court* (2009) 173 Cal.App.4th 814, 828 [92 Cal.Rptr.3d 814]; accord, *Best Buy, supra,* 137 Cal.App.4th at p. 779; see *CashCall, Inc. v. Superior Court, supra,* 159 Cal.App.4th at p. 290 [putative class representative who never had standing should not necessarily be treated less favorably than class representative who once had but then lost standing; the weighing test articulated in *Parris* should apply in either situation to evaluate precertification discovery intended to identify potential class members].) Yet, as our colleagues in Division Three of the Fourth Appellate District explained earlier this year in the context of a "headless" class action in a procedural posture similar to the case at bar, "Precertification class discovery is not a matter of right. . . . Before allowing class counsel to find a viable class representative, trial courts must apply a balancing test and weigh the actual or potential abuse of the class action procedure against the potential benefits that might be gained." (*Starbucks Corp. v. Superior Court* (2011) 194 Cal.App.4th 820, 825 [123 Cal.Rptr.3d 719] [writ of mandate issued directing superior court to vacate order permitting precertification discovery that would have harmed the putative class members' protected privacy rights].)

> b. *Court approval, an opportunity to amend and notice to potential class members before dismissal of a headless class action*

██ In *La Sala, supra,* 5 Cal.3d 864 the named plaintiffs filed a putative class action lawsuit against American Savings & Loan Association alleging a provision in its form trust deed permitting it to accelerate a loan if the borrower executed a junior encumbrance on the secured property constituted an invalid restraint upon alienation. The lender offered to waive enforcement of that provision for the named plaintiffs. The trial court ruled the named plaintiffs no longer represented the class as a result of this waiver and dismissed the action. (*Id.* at p. 868.) The Supreme Court reversed, holding, "Although the named plaintiffs are not members of the class that they purport to represent as the complaint now stands, this fact cannot justify a dismissal of the action without affording plaintiffs an opportunity to amend their pleading." (*Ibid.*) The court explained permissible amendments could either "redefine the class or . . . add additional representatives." (*Id.* at p. 874.) The *La Sala* court also held, "[W]henever the dismissal of a class action stems from a defendant's grant of benefits to the representative plaintiffs, which are not provided to the class as a whole, the court may not dismiss the action without notice to the class . . . ." (*Id.* at p. 868; see also *id.* at p. 874 ["if the amendment fails to establish a suitable representative, the court should not dismiss the action on this ground without undertaking such measures as it may direct to notify the members of the class"].)

In *Kagan, supra,* 35 Cal.3d 582, a class action lawsuit under the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.), decided more than a

dozen years after *La Sala*, the Supreme Court held a savings and loan association's decision to exempt the named plaintiff from the imposition of trustee fees on her individual retirement account did not "render her unfit per se to represent the class" challenging those fees. (*Kagan*, at p. 595.) Nonetheless, the court recognized the trial court retained discretion to decide the plaintiff's claims were no longer typical of those of the class or that she could not fairly and adequately protect the class's interests. (*Id.* at pp. 595–596.) Quoting from *La Sala*, the court held, "should the trial court conclude that plaintiff cannot suitably represent the class, it should afford her 'the opportunity to amend [her] complaint, to redefine the class, or to add new individual plaintiffs, or both, in order to establish a suitable representative.' [Citation.] Following these procedures, if the court concludes that the action should be dismissed for lack of a suitable representative, it should first notify the members of the class." (*Id.* at p. 596.)

■ Rule 3.770 addresses *La Sala*'s and *Kagan*'s concern for the protection of absent class members when the named representative's claims have been resolved, either voluntarily, as here, or by unilateral action of the defendant. The rule requires court approval for requests to dismiss any party or cause of action, as well as to dismiss an entire class action. (Rule 3.770(a).) "Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail." (*Ibid.*) In addition, if a class has not yet been certified and notice of the pendency of the action has not previously been provided to absent class members, notice of the proposed dismissal must be given "in the manner and to those class members specified by the court," unless the court finds that dismissal without notice will not prejudice the absent class members. (Rule 3.770(c).)

### 2. *Standard of Review*

A discovery order is normally reviewed under the deferential abuse of discretion standard. (*John B. v. Superior Court* (2006) 38 Cal.4th 1177, 1186 [45 Cal.Rptr.3d 316, 137 P.3d 153]; *Krinsky v. Doe 6* (2008) 159 Cal.App.4th 1154, 1161 [72 Cal.Rptr.3d 231].) "[A] reviewing court generally will not substitute its opinion for that of the trial court and will not set aside the trial court's decision unless 'there was "no legal justification" for the order granting or denying the discovery in question.' " (*Krinsky*, at p. 1161; see *Toshiba America Electronic Components v. Superior Court* (2004) 124 Cal.App.4th 762, 768 [21 Cal.Rptr.3d 532] ["while the trial court has wide discretion in managing discovery issues, 'there can be no room for the exercise of such discretion if no ground exists upon which it might operate' "].) However, "[t]he scope of discretion always resides in the particular

law being applied; action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an abuse of discretion." (*Choice-in-Education League v. Los Angeles Unified School Dist.* (1993) 17 Cal.App.4th 415, 422 [21 Cal.Rptr.2d 303]; see also *KB Home v. Superior Court* (2003) 112 Cal.App.4th 1076, 1083 [5 Cal.Rptr.3d 587] ["even when a decision by the trial court is generally reviewed for abuse of discretion, we must determine at the outset whether the court applied the correct legal standard to the issue in exercising its discretion, which determination is also a question of law for this court"].)

### 3. *The Superior Court Did Not Abuse Its Discretion in Denying the Motion to Compel Discovery Responses*

██ Westrup Klick/Pirjada advances two distinct arguments in support of the petition for a writ of mandate directing the superior court to grant the motion to compel disclosure of potential class members' names and contact information. First, as a matter of discovery law, because Pacific National failed to respond to Pirjada's document requests, it waived any objection to those requests under Code of Civil Procedure section 2031.300. Absent a finding that Pacific National's failure was the result of mistake, inadvertence or excusable neglect, Westrup Klick/Pirjada contends, it was an abuse of discretion to deny the motion to compel. Second, as a matter of the procedural law governing class actions, described above, the court abused its discretion in declining to authorize notice to potential class members that Pirjada, the lead plaintiff, now lacks standing to represent the class because of his individual settlement with Pacific National and that a replacement class representative needs to be substituted. The first contention is incorrect; the second premature.

#### a. *The discovery argument*

Outside the context of representative and class actions it may well be, as Pacific National observes, "a matter of common knowledge and common sense" that once a plaintiff settles his or her case any discovery responses not yet due no longer need to be served. Because the lawsuit against Pacific National was filed as a class action, however, and the individual settlement with Pirjada was made without the participation or consent of his lawyer, the experienced employment law attorneys representing Pacific National should have either objected to the still-outstanding discovery as moot, moved for a protective order or taken steps to ensure that the settlement agreement between their client and Pirjada included a provision withdrawing any remaining discovery requests.

██ As Pacific National's counsel surely knew, Pirjada's agreement to request his lawyer dismiss the case with prejudice was not self-executing and,

in fact, was only the first step in a process that requires court approval of any such dismissal (see Rule 3.770(a)). Because Pirjada, as well as his counsel, assumed a fiduciary duty to the members of the class when he sued on their behalf (see *La Sala, supra,* 5 Cal.3d at p. 871), he may have been required by the court, as a condition of approval of his settlement, to assist in an effort to find a suitable substitute class representative. (*Id.* at pp. 871–872; see Rule 3.770(c) [notice of a proposed precertification dismissal may be given "in the manner specified by the court"].) Items Nos. 27 and 29 of the outstanding discovery requests could have played a role in that effort. (Cf. *National Solar Equipment Owners' Assn. v. Grumman Corp.* (1991) 235 Cal.App.3d 1273, 1281–1282 [1 Cal.Rptr.2d 325] ["unnamed class members are 'parties' for purposes of discovery"]; *Earley v. Superior Court* (2000) 79 Cal.App.4th 1420, 1434, fn. 11 [95 Cal.Rptr.2d 57] [same].) Accordingly, although it did not do so, in the circumstances presented here it would not have been an abuse of discretion for the superior court to have acted to safeguard the rights of potential class members by granting the motion to compel and requiring Pacific National to provide names and contact information using the third party administrator, opt-out procedure approved by the Supreme Court in *Pioneer Electronics (USA), Inc. v. Superior Court, supra,* 40 Cal.4th 360, as was done, for example, in *Best Buy, supra,* 137 Cal.App.4th 772 and *CashCall, Inc. v. Superior Court, supra,* 159 Cal.App.4th 273.

Nonetheless, the decision to deny the motion to compel was also within the broad discretion of the court: By the time the motion was filed, the court had already chosen other means to protect the absent class members—it gave Westrup Klick leave to amend the complaint after using informal means to identify potential replacement class representatives and deferred any determination whether the entire case should be dismissed and, if so, how to comply with the notice requirements of Rule 3.770(c), to a later date. Although the court's decision to deny Westrup Klick's motion for notice to the class was based largely on a distinction between consumer and employee class actions, a distinction we implicitly rejected in *Belaire-West Landscape, Inc. v. Superior Court, supra,* 149 Cal.App.4th 554, the propriety of that ruling is not before us. Westrup Klick did not seek writ review of the court's May 26, 2011 order. Instead, it elected to proceed by way of a motion to compel. The court's subsequent decision to deny that motion, finding the outstanding discovery requests propounded by Pirjada moot in light of his individual settlement, was in no way arbitrary or capricious or otherwise in excess of the bounds of reason. (See *Watkins v. Wachovia Corp.* (2009) 172 Cal.App.4th 1576, 1589, 1592 [92 Cal.Rptr.3d 409] ["voluntarily settling plaintiff no longer has any interest in the action . . ."; class representative's voluntary settlement of her individual claim moots her right to appeal presettlement denial of her motion for class certification]; *Starbucks Corp. v. Superior Court, supra,* 194

Cal.App.4th at p. 825 [trial court must weigh potential benefits of precertification class discovery against actual or potential abuse in permitting the requested discovery]; see generally *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478–479 [243 Cal.Rptr. 902, 749 P.2d 339]; *Walker v. Superior Court* (1991) 53 Cal.3d 257, 272 [279 Cal.Rptr. 576, 807 P.2d 418].)

### b. *The class action procedure argument*

Westrup Klick/Pirjada's second argument is, in essence, that the superior court is required under *La Sala* and Rule 3.770(c) to provide notice to absent class members before dismissing the action. Therefore, it was an abuse of discretion not to facilitate that notice by directing Pacific National to provide the names and contact information of its former and current employees that will be needed. This contention improperly conflates distinct aspects of class action procedure.

■ As we have discussed, precertification discovery may be allowed in appropriate circumstances to identify a substitute class representative in place of one who is not able to serve in that capacity, as well as to assist the lead plaintiff in learning the names of other individuals who might assist in prosecuting the action. But the obligation to notify absent class members before dismissing the case rests with the superior court, not the lead plaintiff or class counsel. The nature and extent of that notice must be decided by the court itself. (See *La Sala, supra,* 5 Cal.3d at p. 874 [action should not be dismissed "without undertaking such measures as [the court] may direct to notify the members of the class"]; Rule 3.770(c) [notice of proposed dismissal must be given "in the manner and to those class members specified by the court"].) Indeed, as Rule 3.770(c) provides, no notice to absent class members is required at all "if the court finds that the dismissal will not prejudice them."

Whether or not the superior court's initial decision not to notify potential class members that Pirjada now lacks standing to represent the class was correct, the court will necessarily revisit that question when it hears its order to show cause regarding dismissal. Counsel's declaration in support of the petition for writ of mandate indicates a new class representative cannot be identified by the informal means authorized in *Parris, supra,* 109 Cal.App.4th 285, and discussed by the superior court during the May 26, 2011 hearing. Assuming that remains the case, Westrup Klick will have an opportunity to demonstrate to the court that some form of notice is required to avoid prejudice to absent class members. It would be inappropriate for us to prejudge the outcome of that hearing or to restrict the superior court's discretion by attempting to outline the factors it should weigh in deciding how to comply with the requirements of *La Sala, Kagan* and Rule 3.770.

## DISPOSITION

The petition for writ of mandate is denied. The stay of proceedings in respondent court previously imposed is vacated. The parties are to bear their own costs in this writ proceeding.

Zelon, J., and Jackson, J., concurred.