[No. G035672. Fourth Dist., Div. Three. Mar. 13, 2006.]

BEST BUY STORES, L.P., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
MARK BOLING, Real Party in Interest.

## COUNSEL

Robins, Kaplan, Miller & Cresi, Roman M. Silberfeld and Gregory N. Karasik for Petitioner.

No appearance for Respondent.

Mark Boling, in pro. per, for Real Party in Interest.

## OPINION

**RYLAARSDAM, Acting P. J.**—We hold that the trial court did not abuse its discretion in permitting precertification discovery in a class action for the purpose of identifying potential substitute class action plaintiffs. But the court must modify the letter to be sent to the prospective class action plaintiffs to protect their privacy.

FACTS

This is a petition for a writ of mandate seeking to reverse a precertification discovery order in a purported class action. The action claims violation of the Consumer Legal Remedies Act, unfair competition, and unjust enrichment based on allegations that defendant Best Buy Stores, L.P., petitioner here, charged an illegal "restocking fee" for returned merchandise. Boling, a lawyer and real party in interest, brought the action in propria persona. Relying on *Apple Computer, Inc. v. Superior Court* (2005) 126 Cal.App.4th 1253 [24 Cal.Rptr.3d 818], which held that a conflict of interest prohibits a lawyer from serving both as class representative and as counsel for the class, the trial court issued an order to show cause why the case should not be dismissed.

Boling responded with a "motion compelling precertification discovery to seek class representatives," wherein he sought to have the court compel Best Buy "to send a written notice in letter form by first-class mail to [its] customers that have been charged and paid a restocking or missing item fee for the return of deliverable products in California at anytime from February 7, 2000 to the present . . . ." In his notice of motion, Boling made it clear that the purpose of this discovery was "to seek a new class representative." The trial court, citing *Budget Finance Plan v. Superior Court* (1973) 34 Cal.App.3d 794 [110 Cal.Rptr. 302], granted the motion "on the condition that the notice is amended to explain Mr. Boling's position as Class Counsel and his intention to seek attorney fees." *Budget Finance* held the court did not abuse its discretion in issuing a precertification discovery order designed to identify other class members. (*Id.* at p. 798.)

The trial court issued the following order: "1. Defendant is to provide a third party with the names and addresses of 200 Best Buy customers that have been charged and paid a restocking or missing item fee for the return of deliverable products in California at anytime from February 7, 2000 to the present . . . . [¶] 2. Upon receipt of said information from [Best Buy], the third party has 10 days to mail the subject notice to the Best Buy customers. [¶] 3. The Best Buy customers have 35 days to respond to the subject notice by contacting an independent administrator or plaintiff directly who shall inform [Best Buy] of which customers have responded. . . ."

The notice prepared to be sent to those Best Buy customers advises the recipient of the commencement of the class action and describes the general nature of the claims asserted. It then proceeds to explain why Boling cannot continue to act as a class representative and that he seeks to identify substitute class representatives. Finally the notice provides: "If you are a person who was charged a restocking fee by Best Buy for not providing an original box or carton at the time of returning a delivered product item during the period from February 7, 2000 to the present and have an interest in assisting in the prosecution of this case, please contact (to be inserted) by calling (to be inserted) on or before (to be inserted), 2005. Your identity will then be provided to Mr. Boling for further contact and details of the lawsuit and your role as a class representative. If no qualified class representative steps forward, the court may dismiss all class action claims without prejudice in this case. Thank you." (Capitalization and boldface omitted.)

This petition followed and we issued a stay and an order to show cause why mandate should not issue and provided the parties with a briefing schedule and oral argument.

## DISCUSSION

*Introduction*

Best Buy argues that the trial court abused its discretion and failed to consider the potential for abuse of the litigation process in permitting the discovery. It bases this argument on four propositions: (1) the contemplated contact between Boling and the potential substitute plaintiffs would constitute prohibited solicitation; (2) even if another plaintiff is found, Boling would continue to control the litigation; (3) in issuing the order for discovery the trial judge violated the canons of judicial ethics; and (4) the order and the letter to be sent to Best Buy's customers violate their privacy rights. We disagree with each of these propositions with one qualification as to the final one.

The first proposition is wrong; the Rules of Professional Conduct do not prohibit the type of communication contemplated here. The second proposition assumes that the trial court would permit Boling to exercise more control over the litigation than is ethically permitted; we will not assume the trial court will fail to carry out its obligations. We not only reject the proposition that the trial court violated the canons of judicial ethics, but caution counsel against making such a serious, unsupported allegation. As to the final proposition, invasion of customers' privacy rights, as we discuss below, the letter to be sent to Best Buy's customers must be modified for the further protection of the recipients' privacy.

For reasons explained herein, we also deny Best Buy's motions to augment the record and for judicial notice.

*Best Buy fails to demonstrate a potential for illegal solicitation.*

Boling acknowledges that it is his purpose to locate potential substitute plaintiffs. Best Buy's opposition to the discovery order is based in part on a contention that, because the avowed purpose of the discovery is to permit Boling to obtain a substitute plaintiff, the latter's contact, either directly or through a third party, with any customer disclosed in the responses to the ordered discovery would constitute prohibited solicitation. In making this argument Best Buy cites the California Rules of Professional Conduct, rule 1-400(B)(1), (B)(2)(a), and (C).

Rules of Professional Conduct, rule 1-400(B) does not cover the type of communication proposed here. It provides, "For purposes of this rule, a 'solicitation' means any communication: [¶] (1) Concerning the availability for professional employment of a member or a law firm in which a significant

motive is pecuniary gain; and [¶] (2) Which is[:] [¶] (a) delivered in person or by telephone . . . ." (Rules Prof. Conduct, rule 1-400(B).) There is no indication that Boling or the third person intends to contact the identified Best Buy customers in person or by telephone.

Nor does Rules of Professional Conduct, rule 1-400(C) apply. The relevant portion of the subdivision provides: "A solicitation shall not be made by or on behalf of a member or law firm to a prospective client with whom the member or law firm has no family or prior professional relationship, unless the solicitation is protected from abridgment by the Constitution of the United States or by the Constitution of the State of California." (Rules Prof. Conduct, rule 1-400(C).) But the contemplated communication does not constitute a "solicitation" as that term is defined in rule 1-400(B).

Even were we to interpret Rules of Professional Conduct, rule 1-400(B) to include the proposed communication, the limitation in rule 1-400(C), based on "abridgement by the Constitution of the United States," creates an exception to any rule that would prohibit it. The state may not bar lawyers from sending truthful letters soliciting legal business for pecuniary gain. (*Shapero v. Kentucky Bar Assn.* (1988) 486 U.S. 466, 472–478 [100 L.Ed.2d 475, 108 S.Ct. 1916]; see also *Bates v. State Bar of Arizona* (1977) 433 U.S. 350 [53 L.Ed.2d 810, 97 S.Ct. 2691].)

*The trial court must exercise supervision of class actions.*

Best Buy also argues that "if Boling finds a client to substitute for himself as the plaintiff, Boling will still control the litigation as class counsel." (Boldface, capitalization, and underscoring omitted). It cites *Howard Gunty Profit Sharing Plan v. Superior Court* (2001) 88 Cal.App.4th 572 [105 Cal.Rptr.2d 896] and *Kirkpatrick v. J.C. Bradford & Co.* (11th Cir. 1987) 827 F.2d 718 in support of this proposition. The latter case merely demonstrates that it is the responsibility of the trial court in ruling on class certification to determine whether the purported class action representative is " 'lending his name to a suit controlled entirely by the class attorney.' " (*Kirkpatrick v. J.C. Bradford & Co., supra,* 827 F.2d at p. 727.) Similarly, *Howard Gunty* recognized the power of the trial court to preclude such a person from acting as class action representative. (See *Howard Gunty Profit Sharing Plan v. Superior Court, supra,* 88 Cal.App.4th at p. 575, fn. 2 & 579–580, fn. 8.)

At this time it is mere speculation to assume that, if substitute plaintiffs are found, they will necessarily be unqualified, unwilling, or unable to exercise their independent judgment for the benefit of the class. Should such a situation develop, it would be the responsibility of the trial court to take

appropriate action. *Howard Gunty* notes the duty of the trial court to supervise class actions. "In the context of a class action, it is the court's authority and duty to exercise control over the class action to protect the rights of all parties, and to prevent abuses which might undermine the proper administration of justice. [Citation.]" (*Howard Gunty Profit Sharing Plan v. Superior Court, supra,* 88 Cal.App.4th at p. 581.) We will not presume that any substitute plaintiff will, in the words of petitioner, be a "plaintiff in name only," that Boling will act improperly as class counsel, or that the trial court will fail to carry out its responsibility to supervise the class action process.

*The trial court can and should protect the privacy rights of the customers.*

The duty of the court to supervise class actions should also be exercised to protect the privacy rights of Best Buy's customers. This duty includes review of the letter proposed to be sent to those customers.

Arguing that the court's order necessarily will involve an invasion of the customers' privacy, Best Buy relies solely on *Pioneer Electronics (USA) Inc. v. Superior Court,* a case in which our Supreme Court granted review July 27, 2005, S133794, after the petition was filed but before Best Buy filed its reply, which ignored this fact. The case referenced in *Pioneer* and by Best Buy, *Rowan v. U.S. Post Office Dept.* (1970) 397 U.S. 728 [25 L.Ed.2d 736, 90 S.Ct. 1484], deals with an entirely unrelated subject, the constitutionality of a statute permitting the post office to withhold mail from customers who request it do so.

■ Of course we are mindful that the privacy rights of Best Buy's customers must be protected. The use of a third person to communicate with these customers, as provided in the order, aids this purpose, but more is required. The letter must state that recipients are free to ignore the letter and that, if they do so, the sender will not disclose their identities to Boling. The letter should not identify Boling by name, should not provide that the recipient contact Boling in the first instance, and should not contain any information that would facilitate such direct contact. The court should instruct the sender of the letter to disclose to Boling the identity of only those persons who affirmatively request this be done in a writing signed by the person.

*The discovery order does not violate canons of judicial conduct.*

■ In a far-fetched argument based on the erroneous assumption that the proposed letter constitutes "solicitation," Best Buy contends the trial judge violated canons 2 and 3 of the Canons of Judicial Conduct by conspiring with Boling to facilitate an illegal solicitation. We can make short shrift of this contention. Canon 2 requires that judges "avoid impropriety and the appearance of impropriety." Canon 3 requires judges to perform their duties in an

impartial manner. Best Buy makes these serious allegations against a well respected jurist, accusing the court of "impartiality [*sic*] and favoritism." The accusation of "impartiality" should upset no judge; but in context we assume the writer made a mistake and meant "partiality." A serious charge indeed and solely based on the court granting Best Buy's opponent's motion. The charge of judicial impropriety is unsupported by any reasoned legal argument or citation to authority and we reject it out of hand. (*People v. Stanley* (1995) 10 Cal.4th 764, 793 [42 Cal.Rptr.2d 543, 897 P.2d 481].)

*The trial court did not abuse its discretion in ordering discovery.*

"[A]ppellate review of discovery rulings is governed by the abuse of discretion standard. [Citation.]" (*Johnson v. Superior Court* (2000) 80 Cal.App.4th 1050, 1061 [95 Cal.Rptr.2d 864].) Discovery to ascertain a suitable class representative is proper. (*Budget Finance Plan v. Superior Court, supra,* 34 Cal.App.3d at p. 799.) "[S]hould the trial court conclude that plaintiff cannot suitably represent the class, it should afford [him] 'the opportunity to amend [his] complaint, to redefine the class, or to add new individual plaintiffs, or both, in order to establish a suitable representative.' [Citation.]" (*Kagan v. Gibraltar Sav. & Loan Assn.* (1984) 35 Cal.3d 582, 596 [200 Cal.Rptr. 38].) Thus this use of discovery furthers Boling's interest as a plaintiff.

To exercise its discretion, "the trial court must . . . expressly identify any potential abuses of the class action procedure that may be created if the discovery is permitted, and weigh the danger of such abuses against the rights of the parties under the circumstances." (*Parris v. Superior Court* (2003) 109 Cal.App.4th 285, 300–301 [135 Cal.Rptr.2d 90].) Here the court engaged in such a weighing process in formulating its order for discovery.

*The motions to augment the record and for judicial notice should be denied.*

Best Buy filed motions to augment the record and for judicial notice. Both are denied as being irrelevant to any issues involved in this petition. The motion to augment the record concerns a declaration of a Best Buy employee relating to the merits of the allegations on which this action is based, issues not before us. The motion for judicial notice asks us to judicially notice a "public notice" promulgated by the Federal Communications Commission referencing Boling's participation in other, unrelated consumer litigation. Whether this information makes him more or less qualified to represent the plaintiffs in this class action is for the trial court to decide. It has no bearing on the procedural issues we are asked to decide here.

## DISPOSITION

The trial court shall modify the letter to be sent to petitioner's customers as indicated herein. In all other respects, the petition for writ of mandate is denied. Our previously issued stay of trial court proceedings is vacated. The motions to augment the record and for judicial notice are denied. Because this is an interim proceeding, we do not award costs to either party. At the conclusion of the litigation, the trial court shall determine whether costs incurred in these writ proceedings should be awarded to either party.

Moore, J., and Fybel, J., concurred.

Petitioner's petition for review by the Supreme Court was denied July 12, 2006, S142909.