[No. G037056. Fourth Dist., Div. Three. Mar. 13, 2007.]

CRYOPORT SYSTEMS, Plaintiff and Appellant, v.
CNA INSURANCE COMPANIES et al., Defendants and Respondents.

628

**COUNSEL**

Hall & Bailey and Donald R. Hall for Plaintiff and Appellant.

Horvitz & Levy, Lisa Perrochet, John A. Taylor, Jr.; Cannon & Nelms, Anthony L. Cannon and Derrick R. Sturm for Defendants and Respondents.

**OPINION**

**O'LEARY, J.**—Cryoport Systems (Cryoport) sued CNA Insurance Companies, Continental Casualty Company, and Valley Forge Insurance Company (hereafter collectively and in the singular CNA), for violation of the unfair competition law (UCL). (Bus. & Prof. Code, § 17200 et seq.)[1] CNA's demurrer to the original complaint was sustained, with leave to amend, because Cryoport failed to allege standing (i.e., that it suffered injury in fact and lost money or property) as required by Proposition 64's amendments to the UCL. (§ 17204, as amended by Prop. 64, § 3; see also § 17203, as amended by Prop. 64, § 2.) In its amended complaint, Cryoport again failed to allege its own standing and CNA's demurrer was sustained without leave to amend. On appeal from the judgment dismissing its complaint, Cryoport argues reversal is required so it may attempt to amend its complaint to substitute in a new plaintiff who in fact has standing to pursue the action. We disagree and affirm the judgment.

---

[1] All further statutory references are to the Business and Professions Code, unless otherwise indicated.

## BACKGROUND AND FACTS

*Proposition 64*

■ The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." (§ 17200.) Although previously any person acting for the general public could sue for relief from violations of the UCL, Proposition 64, approved by the voters on November 2, 2004, changed all that. Proposition 64 amended the UCL so that "a private person has standing to sue only if he or she 'has suffered injury in fact and has lost money or property as a result of such unfair competition.' " (*Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 227 [46 Cal.Rptr.3d 57, 138 P.3d 207] (*Californians for Disability Rights*); see § 17204.) A private person seeking to enforce the UCL on behalf of others must meet "the standing requirements of [s]ection 17204 and compl[y] with [s]ection 382 of the Code of Civil Procedure . . . ." (§ 17203.) Proposition 64's amendments to the UCL became effective on November 3, 2004, and apply to all pending cases. (*Californians for Disability Rights, supra*, 39 Cal.4th at pp. 227, 232–233; see also *Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235 [46 Cal.Rptr.3d 66, 138 P.3d 214] (*Branick*).)

*Prior Litigation:* Cryoport I

In 2002, Cryoport sued CNA in Los Angeles County Superior Court alleging various tort and contract causes of action and a cause of action for unfair business practices under section 17200. CNA's motion for summary judgment was granted, and the judgment in its favor was affirmed on appeal in *Cryoport Systems v. CNA Financial Corp. et al.* (Feb. 1, 2005, B167487) [nonpub. opn.] (*Cryoport I*).

The gist of the prior case was that Cryoport obtained a business personal property insurance policy from CNA covering the period from September 15, 2000, to September 15, 2001, with premium payments to be made in quarterly installments. When Cryoport failed to pay the quarterly installment due in March, it was informed the policy would be cancelled effective April 19, 2001. If Cryoport paid the premium before the cancellation date, the policy would be reinstated. But, if Cryoport paid after the cancellation date, the policy would not be automatically reinstated; it had to contact its insurance agent and formally request reinstatement of the cancelled policy. In May, Cryoport mailed a check for the March premium, but made no request

to reinstate the now cancelled policy. CNA refunded Cryoport part of the premium payment (apparently representing the premium amounts accruing after the April 19 cancellation date). In July 2001, a fire occurred on Cryoport's premises. CNA denied coverage because the policy had been cancelled. The appellate court affirmed summary judgment for CNA concluding the policy was properly cancelled. (*Cryoport I, supra*, B167487.)

*Current Litigation*

On November 1, 2004, the day before Proposition 64 was enacted, Cryoport filed the current litigation against CNA. The complaint alleged Cryoport had purchased a policy from CNA covering the period from September 15, 2000, to September 15, 2001. Cryoport alleged CNA violated the UCL by collecting unearned premiums from customers in the following manner. When CNA cancelled a policy for nonpayment of premiums, it would offer to reinstate the policy upon payment of past due premiums calculated from the date of cancellation until the date of reinstatement. As a condition of reinstatement, the insured had to execute a document called a "no loss letter" in which it would detail any known losses it had sustained from the time of cancellation until reinstatement (called the "no loss period") and any losses sustained were excluded from coverage. Cryoport alleged CNA improperly collected premiums for coverage during the no loss period because it had no risk of loss.

CNA demurred on several grounds including that Cryoport's complaint failed to allege it had suffered an injury as a result of the claimed unfair competition, as required by recently passed Proposition 64. The trial court sustained the demurrer, concluding Proposition 64's standing requirement applied to pending cases. Cryoport was granted leave to amend its complaint to allege standing.

In November 2005, Cryoport filed its first amended complaint. Cryoport added allegations concerning the issuance and the cancellation of its insurance policy, but repeated the same allegations contained in the original complaint in describing how CNA collected unearned premiums from customers for the no loss period when it reinstated a cancelled policy. The amended complaint also contained generic class action allegations. Cryoport did not allege it had ever sought to reinstate its canceled policy, was required to execute a no loss letter as a condition to reinstate its policy, or paid any premiums to CNA covering a no loss period.

CNA again demurrered on several grounds including: (1) the first amended complaint did not allege standing under section 17204 because Cryoport still had not alleged it had suffered injury and lost money or property; (2) Cryoport failed to exhaust administrative remedies afforded to it under the Insurance Code; and (3) the practice of requiring a no loss letter and excluding from coverage the insured's known losses during the no loss period was not illegal because an insurer may only insure against contingent or unknown events. (See Ins. Code, §§ 22, 250.)

In its opposition, Cryoport only discussed the failure to exhaust argument by "acquiescing" to the point and suggesting the court stay the action while Cryoport addressed its complaints to the Insurance Commissioner. At the February 17, 2006, hearing on CNA's demurrer, Cryoport did not ask for further leave to amend its complaint to allege standing, or suggest it could in fact do so. Rather, it urged the trial court to stay the proceeding pending an anticipated ruling from the Supreme Court on the retroactivity of Proposition 64. The trial court sustained the demurrer without leave to amend. An order of dismissal was entered, and Cryoport filed a timely notice of appeal in May 2006.

## DISCUSSION

Cryoport's argument on appeal is terse; it is comprised of only three sentences which may be summarized as follows: When the complaint was dismissed, the retroactivity of Proposition 64 was "unresolved"; the Supreme Court has since confirmed (in opinions filed after this appeal was filed) the law applies to pending cases (*Californians for Disability Rights, supra,* 39 Cal.4th at pp. 227, 232–233), but plaintiffs should be allowed an opportunity to amend their complaints to allege the requisite standing (*Branick, supra,* 39 Cal.4th at p. 241). Accordingly, Cryoport argues, it must be allowed a (second) "opportunity to amend its complaint and substitute a new plaintiff with standing to assert a [UCL] claim . . . ."

Implicit in Cryoport's argument, is a concession it cannot allege it has standing to pursue a UCL cause of action. To have standing, a private plaintiff must allege it has "suffered injury in fact and has lost money or property as a result of such unfair competition." (§ 17204.) Cryoport argues that although it lacks standing, it must be given an opportunity to amend its complaint to substitute in a new plaintiff who has the requisite standing. We disagree.

In *Branick, supra,* 39 Cal.4th 235, the plaintiffs lost standing as a result of the passage of Proposition 64 while their case was pending on appeal. The Supreme Court rejected the defendant's argument that a plaintiff should never be allowed to amend its complaint by substituting a new plaintiff with

standing. The court held Proposition 64 did not affect rules governing the amendment of complaints. (*Id.* at p. 239.) And, because standing was lost on appeal, the plaintiffs never had an opportunity to amend. The court remanded so the plaintiffs could file a motion to amend, if they so chose, which "the superior court should decide . . . by applying the established rules governing leave to amend . . . and the relation back of amended complaints. [Citation.]" (*Ibid.*)

■ Unlike *Branick*, the complaint here was filed the day before Proposition 64 passed and, as a result of the new law's effect on Cryoport's case, Cryoport was specifically given the opportunity to amend its complaint to allege standing. Cryoport filed an amended complaint that still contained no allegations it suffered injury and lost money as a result of CNA's acts. Additionally, Cryoport did not seek to amend its complaint to substitute a new plaintiff in its stead. Cryoport does not suggest it can now allege it has standing, nor has it identified a substitute plaintiff who does. ■ (See *Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711 [113 Cal.Rptr.2d 399] [to establish abuse of discretion by denying leave to amend, plaintiff must demonstrate complaint can be amended to cure defect].)

■ In parentheses following the last sentence of Cryoport's argument, it cites this court's opinion in *Best Buy Stores, L.P. v. Superior Court* (2006) 137 Cal.App.4th 772, 779 [40 Cal.Rptr.3d 575] (*Best Buy Stores*), followed by a bracketed statement that the case holds "[p]re-certification discovery is permitted to locate substitute plaintiff." If, from including this citation, Cryoport is trying to argue it is now entitled to conduct class action precertification discovery to locate a substitute plaintiff, the argument is waived. Cryoport never requested any such discovery below. Furthermore, an appellant must affirmatively demonstrate error through reasoned argument and discussion of legal authority. (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115–1116 [75 Cal.Rptr.2d 27]; *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [21 Cal.Rptr.2d 834].) Simply hinting at an argument and leaving it to the appellate court to develop it is not adequate.

In any event, *Best Buy Stores* does not support Cryoport. In that case, the class action representative was also the lawyer who filed the complaint. He was precluded by conflict of interest rules from serving both as class representative and as counsel for the class. This court held the trial court did not abuse its discretion when it granted a motion for precertification discovery to find a substitute class representative. (*Best Buy Stores, supra*, 137 Cal.App.4th at p. 779.) *Best Buy Stores* was not a standing case and we specifically noted the precertification discovery order furthered the lawyer's interest as a plaintiff in the action. (*Ibid.*) Here, Cryoport has no standing to

pursue this litigation itself, and *Best Buy Stores* does not stand for the proposition that a plaintiff with no interest in the action has a right to discovery to find a substitute plaintiff to keep the action alive.

The recent case, *First American Title Ins. Co. v. Superior Court* (2007) 146 Cal.App.4th 1564 [53 Cal.Rptr.3d 734] (*First American*), is instructive. The plaintiff, who was not a member of the class he purported to represent, and who had no other interest in the litigation, obtained an order for precertification discovery so he could locate a class representative. In holding the order was an abuse of discretion, the court concluded "the potential abuse of the class action [precertification discovery] procedure greatly outweighs the rights of the parties under the circumstances." (*Id.* at p. 1577.)

■ As in *First American*, the potential for abuse of such discovery in a case like this is great. Cryoport clearly has no interest of its own in this litigation, having been unable to amend its complaint to allege its own standing. "California law is clear that a representative plaintiff must be a member of the class he seeks to represent. Indeed, Proposition 64 was enacted to prevent abuses of the class action system by ' "prohibit[ing] private attorneys from filing lawsuits for unfair competition where they have no client who has been injured in fact." ' [Citation.] We cannot permit attorneys to make an 'end-run' around Proposition 64 by filing class actions in the name of private individuals who are not members of the classes they seek to represent and then using precertification discovery to obtain more appropriate plaintiffs." (*First American, supra,* 146 Cal.App.4th at p. 1577.) And as in *First American*, the potential class members' interests in this particular lawsuit are minimal. "Any further legal action can be pursued by members of the class, if they so desire. [Plaintiff] makes no argument that any future action they might pursue would be time-barred, or offer any other reason why the class members might be denied relief if *this action* is unable to proceed on their behalf. In short, the potential for abuse of the class action procedure is overwhelming, while the interests of the real parties in interest are minimal. Precertification discovery under these circumstances would be an abuse of discretion." (*Ibid.*)[2]

---

[2] In view of our conclusion Cryoport is not entitled to reversal for further opportunity to amend its complaint, we need not consider CNA's remaining arguments.

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.

Bedsworth, Acting P. J., and Fybel, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 27, 2007, S152740.