Filed 4/23/15  Franklyn v. Koegler CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DAVID FRANKLYN,<br><br>        Respondent,<br><br>v.<br><br>SHAHNAZ BRIGITTE KOEGLER,<br><br>        Appellant. | A139255<br><br>(San Mateo County<br>Super. Ct. No. FAM0101000) |

In this action for dissolution of marriage, appellant Shahnaz Brigitte Koegler (Brigitte) appealed after the trial court divided marital property between her and respondent David Franklyn and denied both parties' requests for attorney fees.  Brigitte complains about several aspects of the proceedings below, but because her contentions are unsupported by factual or legal citations, we consider them waived and affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

Brigitte and David were married on May 30, 1992, and they separated in September 2008, with David apparently filing a petition for dissolution of marriage that same month.  The parties litigated various matters over the next few years.  A trial was held over four days between March 20 and April 2, 2013, regarding the characterization and division of marital property.  The reporter's transcript of the proceedings spans about 500 pages.  Brigitte, David, and five other witnesses testified, and 38 exhibits were submitted into evidence.

1

Following posttrial briefing, the trial court issued a 14-page final statement of decision on May 16, 2013. Brigitte and David both filed motions for attorney fees, but the trial court declined to award fees to either party by order dated June 27, 2013. Brigitte appealed both the order dividing property and the order denying attorney fees.

## II.
### DISCUSSION

Brigitte has filed a 32-page opening brief in this court challenging several aspects of the proceedings below. She argues, among other things, that she detrimentally relied on the trial court to follow its own orders, that the court entered various orders but then later reversed them and "fail[ed] to follow the law," that the court displayed judicial bias in its order regarding attorney fees, and that David violated several orders but was rewarded for doing so. Aside from the authority for appealing the trial court's orders, Brigitte does not cite any legal support for her arguments. And her opening brief contains just two citations to the record, each to the same two pages of the reporter's transcript. After David filed a brief arguing why the trial court's orders should be affirmed, appellant declined to file a reply brief.

"The most fundamental rule of appellate review is that a judgment is presumed correct, all intendments and presumptions are indulged in its favor, and ambiguities are resolved in favor of affirmance." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286.) It is an appellant's burden to affirmatively show error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Brigitte has failed to meet this burden. By failing to provide citations to the record to support her arguments, she has waived them. (*City of Santa Maria*, at pp. 286-287; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) Likewise, we "need not address arguments for which a party provides no supporting authority." (*Michael P. v. Superior Court* (2001) 92 Cal.App.4th 1036, 1042.) It is not this court's role to develop a party's argument where the party simply hints at it, without more. (*Cryoport Systems v. CNA Ins. Cos.* (2007) 149 Cal.App.4th 627, 633.) And where an appellant does not respond to a respondent's argument by way of reply, we may assume that appellant was persuaded by the argument. (*People v. Hightower* (1996)

41 Cal.App.4th 1108, 1112, fn. 3.) Although Brigitte appears in this court without an attorney, that does not entitle her to special treatment. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 524.)

At oral argument, Brigitte clarified that she sought reversal of the portion of the trial court's order that she considers to have sanctioned David's use of community funds, in violation of a previous order, to remodel their home after separation. A review of the trial court's findings reveals that the trial court was well aware David had violated the previous order, but it determined that the expenditure greatly increased the value of the home, a community asset, and that David had violated no fiduciary duty to Brigitte. Although Brigitte no doubt is still upset, she has not shown any legal error. She also clarified at oral argument that she challenges the trial court's order declining to award her attorney fees. Our review of the record reveals that each side won and lost various issues, and we therefore cannot conclude that the order awarding neither side attorneys fees constituted an abuse of discretion.

Because Brigitte has not met her burden to demonstrate reversible error, we otherwise decline to examine the record unassisted and consider her arguments waived.

III.
DISPOSITION

The trial court's orders are affirmed. David shall recover his costs on appeal.

_____
Humes, P.J.

We concur:


_____
Margulies, J.


_____
Banke, J.