Filed 9/15/15; pub. order 10/15/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| CVS PHARMACY, INC., et al., | C077622 |
| Petitioners, | (Super. Ct. No. 34201300156661CUOEGDS) |
| v. | |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| CHARLENE DELUCA, | |
| Real Party in Interest. | |

Under what circumstances can a plaintiff who seeks injunctive relief on behalf of a class of which the plaintiff is not a member obtain precertification discovery to seek out a legitimate plaintiff to support an action for injunctive relief and monetary damages? Here, real party in interest Charlene Deluca filed a complaint alleging defendants CVS Pharmacy, Inc., and Longs Drug Stores California, LLC (CVS), have a corporate policy

1

of automatically terminating employees who do not work any hours for 45 consecutive days.  Deluca sought injunctive relief to challenge the policy, which she argued discriminated against qualified individuals with disabilities in violation of the California Fair Employment and Housing Act.  (FEHA; Gov. Code, § 12900 et seq.)  Deluca, an employee of Longs, was not disabled, nor had she been terminated under the alleged 45-day policy.  CVS demurred to Deluca's complaint.  The trial court sustained CVS's demurrer based on Deluca's lack of standing and dismissed her individually without leave to amend, but granted 90 days' leave to amend for Deluca to find a substitute plaintiff and granted her motion to compel discovery of the names and contact information of current and former CVS employees.  CVS filed a petition for writ of mandate challenging the trial court's ruling.  We issued an alternative writ of mandate.  We find the trial court abused its discretion in allowing the proposed precertification discovery.

## FACTUAL AND PROCEDURAL BACKGROUND

During oral argument on the motion to compel discovery, the trial court made the following observation, which in a sense encapsulates the issue before us.  The trial court noted Deluca's lack of standing but stated:  "[I]t seems to me that there are some societally important issues going on here or potentially going on here.  But it may well be that plaintiff's hunt for an appropriate class plaintiff is . . . a magical unicorn.  It's a mythical creature that does not exist.  We don't know."  With these words in mind, we review the background leading to CVS's petition for a writ of mandate.

**Deluca's Complaint**

Deluca and Kimberly Granzella (plaintiffs) filed a complaint against CVS in December 2013.  They filed an amended complaint in January 2014.  Plaintiffs alleged they were unaware of the fact they were subject to termination by CVS under an official policy that is discriminatory.  Under this policy, CVS automatically terminates

2

employees, including disabled employees, who do not work for 45 consecutive days. Such a policy has the effect of discriminating against sick and injured workers.

Deluca missed work due to illness, but never for 45 consecutive days, and was never terminated under the alleged policy. Deluca worked for Longs, but her employment had ended by the time the court heard oral argument on the motion to compel. Granzella was terminated in 2009.

After plaintiffs filed their amended complaint in January 2014, they served CVS with a request for production of documents, seeking discovery of other employees impacted by the termination policy for the purpose of class identification.

**District Court**

CVS removed the action to federal district court and filed a motion to dismiss. CVS moved to dismiss Deluca based on her lack of standing to seek injunctive relief under the FEHA and failure to exhaust administrative remedies. CVS sought to dismiss Ganzella's claims as time-barred. The district court dismissed Granzella's claims as untimely, without leave to amend.

The district court found Deluca lacked standing: "Here, plaintiff Deluca avers in the complaint that she is 'threatened with the legal harm of termination under Defendants' corporate policy, the 45-day automatic termination policy.' To support this assertion, she recounts that she 'has missed work days due to illness' in the past but has managed to 'return[] to work within 45-days [sic] and . . . work[] consecutive hours during a 45-day period.' But, she says, she 'could sustain a work-related injury, obtain a medical work release with a lifting restriction, present that to [defendants], and be denied a return to work.' As an example of a '[s]erious medical problem [or] . . . workplace injur[y that could] happen at any time,' plaintiff Deluca cites '[a]n appendectomy.' She does not allege that she has suffered or presently suffers any injury.

"Plaintiff Deluca has not established standing. Her unsubstantiated assertions of misfortunes that 'could' befall her are insufficient as a matter of law to 'show that [she]

3

has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct . . . .' [Citations.]  Likewise, her conclusory allegations that the injuries suffered would be 'irreparable' and that legal remedies would be inadequate are devoid of factual support and, therefore, legally insufficient.  [Citation.]"  Because Deluca lacked standing, the district court held it did not have subject matter jurisdiction over her and remanded her request for injunctive relief.

**CVS Demurrer**

Following remand, CVS filed a demurrer to Deluca's remanded portion of the amended complaint.  CVS argued Deluca lacked standing, failed to allege a cause of action, and failed to exhaust her administrative remedies with the Department of Fair Employment and Housing.

In her opposition, Deluca conceded her lack of standing.  However, Deluca argued, "California public policy favors using the class action procedure, and therefore the Court should allow class discovery on behalf of all potential class members, even if it grants Defendants' Demurrer as to Plaintiff Deluca."  In its reply, CVS argued it was an abuse of the discovery process for Deluca, who lacked standing and did not assert a cause of action, to require CVS to disclose the names of current and former employees in an effort to find a more appropriate plaintiff.

**Motion for a Protective Order**

CVS also moved for a protective order to void Deluca's discovery requests or, in the alternative, to stay the discovery until after the court ruled on the demurrer.  CVS argued the potential for abuse of the discovery process was overwhelming, where a placeholder plaintiff, with no standing to seek injunctive relief, sought names and contact information to find a legitimate plaintiff.

**Motion to Compel**

Subsequently, Deluca moved to compel discovery of (1) the names and contact information of all former employees of CVS in California whose employment was

4

terminated under the automatic termination policy from October 2008 to the present; (2) a nonredacted version of the list of former employees that was provided to the Department of Fair Employment and Housing in December 2010 in another lawsuit; (3) the names and contact information of all former employees of CVS in California whose employment was terminated under the policy from 2008 through the present and who were later rehired; and (4) the names and contact information of all current employees of CVS in California who are subject to the policy. Deluca argued such discovery was necessary to "seek[] out other putative class members to assist in the case."

CVS opposed the motion, arguing the discovery was not appropriate because the district court had already determined Deluca lacked standing. Deluca, CVS asserted, was being used as a Trojan horse to open the doors of discovery to find an appropriate plaintiff. Nor was there any authority to allow a placeholder plaintiff who never asserted a cause of action to compel discovery of names and contact information to facilitate a search for a legitimate plaintiff.

**Hearing on Motions**

The trial court consolidated the three motions and heard oral argument. The trial court acknowledged that Deluca lacked standing to seek injunctive relief and had failed to allege a cause of action against CVS. However, the trial court stated that if it was possible to find a potentially appropriate plaintiff, then Deluca should be given the names she requested. In response to CVS's argument that such discovery would constitute an abuse of the discovery process, the court stated: "But even if it was filed in bad faith as a bad plaintiff, and they knew it, I'm not so sure that would necessarily change the equation. It might make me less inclined to provide this pre-certification discovery in the hunt for [a] new plaintiff, but I'm not so sure that it changes the equation for the Court's ruling today."

5

**Rulings on the Motions**

Subsequently, the trial court sustained CVS's demurrer based on Deluca's lack of standing and dismissed her individually without leave to amend, but granted 90 days' leave to amend for Deluca to find a substitute plaintiff. The court denied CVS's motion for a protective order and granted Deluca's motion to compel the names and contact information of current and former employees.

The court found Deluca failed to state facts sufficient to constitute a cause of action for injunctive relief because she had not pleaded an underlying cause of action. Deluca was not disabled or threatened by immediate harm that would constitute discriminatory termination. Deluca's claims were also barred by collateral estoppel. However, the court granted leave to amend to allow Deluca to conduct precertification discovery to seek a substitute plaintiff so that a second amended complaint might be filed in the future.

In addition, the court noted precertification class discovery is not a matter of right but rests on considerations of equity and justice. The court must apply a balancing test and weigh the actual or potential abuse of the class action procedure against the potential benefits that might be gained. The court stated: "The Court is expressly doing so here after weighing the respective rights of the parties. The court does not find that Deluca or her counsel had no reasonable, good faith belief that she lacked standing when the suit was initiated. In other words, she was not being used as a 'placeholder' while a suitable plaintiff was being sought. In addressing the potential for abuse, the court recognizes that plaintiffs should not be allowed to abuse the standing requirements of Proposition 64.")[1]

---

[1] Under Proposition 64, an individual or entity may bring an unfair business practices class action only if that individual is a member of the class injured by the practice. (Bus. & Prof. Code, § 17204; *First American Title Ins. Co. v. Superior Court* (2007) 146 Cal.App.4th 1564, 1574 (*First American*).) Proposition 64 was enacted to prevent

6

After considering pertinent case authority, the court exercised its discretion to allow Deluca 60 to 90 days to find a substitute plaintiff.

In ruling on the motion to compel discovery, the court noted California courts favor a strong policy of allowing class actions as a tool of social change. Courts should only prevent discovery of potential plaintiffs in limited circumstances when there are expressly identified potential abuses. The court concluded: "There is good cause for the requested discovery on the ground the court has found that Deluca does not state a cause of action and has no standing. The potential privacy interests of the employees in having their contact information released is outweighed by the potential plaintiffs' interest in obtaining the contact information. . . . Plaintiff Deluca seeks to protect important statutory rights of other potential class members who may be unaware of the defendant's unwritten 'automatic termination policy' and therefore unaware that their statutory rights under the FEHA may be implicated." The court limited the discovery to 2010 to 2014. The court also required an opt-out notice procedure.

**Writ Petition**

The trial court, pursuant to a stipulation by CVS and Deluca, stayed all trial court proceedings, including enforcement of its discovery order, pending a final decision on CVS's petition for a writ of mandate. We issued an alternative writ of mandate.

## DISCUSSION

## STANDARD OF REVIEW

The decision to permit or not permit precertification discovery in a class action is committed to the wide discretion of the trial court. We review the trial court's decision under the deferential abuse of discretion standard. (*Pirjada v. Superior Court* (2011) 201 Cal.App.4th 1074, 1085.)

---

abuses of the class action system by prohibiting private attorneys from filing lawsuits where they have no client who has been injured in fact. (*First American,* at p. 1577.)

7

Precertification class discovery is not a matter of right. In making its determination, the trial court must employ the "*Parris* balancing test": weighing the actual or potential abuse of the class action procedure against the benefits that might be gained. (*Starbucks Corp. v. Superior Court* (2011) 194 Cal.App.4th 820, 825 (*Starbucks*); *Parris v. Superior Court* (2003) 109 Cal.App.4th 285, 300-301 (*Parris*).)

In the present case, the trial court complied with this procedural obligation. The court performed the weighing test and found neither Deluca nor her counsel lacked a reasonable, good faith belief that she lacked standing when she filed her complaint. In addition, the court considered the possibility of abuse and found it outweighed by the rights and interests of the potential class members for whose benefit Deluca filed her complaint. Accordingly, the court allowed Deluca time to locate a substitute plaintiff. We consider whether this ruling constitutes an abuse of discretion given the facts.

## PRECERTIFICATION DISCOVERY

We begin with the axiom that the named plaintiff in a class action must be a member of the class he or she purports to represent. (*First American, supra*, 146 Cal.App.4th at p. 1573.) However, if the court determines the class representative lacks standing to represent the class, leave to amend the complaint to redefine the class or to add a new individual plaintiff, or both, is often granted. (*La Sala v. American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 872.) This rule is usually applied in situations where the class representative originally had standing but has since lost standing by intervening law or facts. (*In re Tobacco II Cases* (2009) 46 Cal.4th 298, 328-329.)

Here Deluca was never a member of the class. A class representative who is not a class member or is otherwise unqualified to serve as class representative may, in certain circumstances, move for precertification discovery for the purpose of identifying a new class representative. Courts have recognized that such precertification discovery presents the potential for abuse of the class action procedure, but also implicates the rights and

8

interests of potential class members on whose behalf the complaint was filed. (*Safeco Ins. Co. of America v. Superior Court* (2009) 173 Cal.App.4th 814, 828 (*Safeco*).)

In *Parris*, the purpose of discovery was not to identify a substitute class representative, but to allow the plaintiffs to serve notices on the potential class representatives informing them of the litigation and requesting information. (*Parris*, *supra*, 109 Cal.App.4th at pp. 290-291.) *Parris* held that precertification communication with potential class members was protected free speech and could not be subject to prior restraint "absent specific evidence of abuse" (*id*. at p. 298) and " 'a showing of direct, immediate and irreparable harm' " (*id*. at p. 300).

The moving parties in *Parris* also sought to compel the disclosure of potential class members and management personnel. The *Parris* court held that a party may seek judicial assistance in communicating with potential class members; however, the court recognized the " 'possibility of abuses in class-action litigation . . . that . . . may implicate communications with potential class members.' " (*Parris*, *supra*, 109 Cal.App.4th at p. 300, quoting *Gulf Oil Co. v. Bernard* (1981) 452 U.S. 89, 104 [101 S.Ct. 2193, 2202].) It held that a trial court ruling on a motion to compel precertification discovery to identify potential class members must "expressly identify any potential abuses of the class action procedure that may be created if the discovery is permitted and weigh the danger of such abuses against the rights of the parties under the circumstances." (*Parris*, at pp. 300-301.)

*Parris* was followed by *Best Buy Stores, L.P. v. Superior Court* (2006) 137 Cal.App.4th 772 (*Best Buy*), cited by the trial court in the present case. In *Best Buy*, the class action representative was also the lawyer who filed the complaint. He was precluded by conflict of interest rules from serving both as class representative and as counsel for the class. As a consequence he moved for an order compelling the defendant to serve a notice on potential class members informing them of the litigation and the need for a new class representative. (*Id*. at pp. 774-775, 779.) The appellate court held the

trial court did not abuse its discretion when it granted a motion for precertification discovery to find a substitute class representative. (*Id*. at p. 779.) However, the same appellate court, in a subsequent case, noted: "*Best Buy Stores* was not a standing case and we specifically noted the precertification discovery order furthered the lawyer's interest as a plaintiff in the action. [Citation.] . . . *Best Buy Stores* does not stand for the proposition that a plaintiff with no interest in the action has a right to discovery to find a substitute plaintiff to keep the action alive." (*Cryoport Systems v. CNA Ins. Cos.* (2007) 149 Cal.App.4th 627, 633-634 (*Cryoport Systems*).)

In *First American*, the appellate court issued a writ of mandate to reverse a precertification discovery order in a "headless" class action against title insurers that allegedly paid kickbacks to lenders for referring customers to them. Contrary to the named plaintiff's initial pleading, he was unable to prove the defendants ever made any payments in connection with his purchase of title insurance. Therefore, the plaintiff was never a member of the class alleged in the complaint. The trial court granted the motion based on its determination that the plaintiff initially had believed in good faith that he was a class member. After applying the *Parris* balancing test, the appellate court found the trial court abused its discretion in granting the plaintiff discovery to find a new plaintiff. The court emphasized that the named plaintiff was an acknowledged stranger to the kickback scheme and refused to allow counsel to use him as a placeholder to obtain an appropriate plaintiff. In addition, the court noted unnamed class representatives were free to file their own future actions, if they desired. (*First American*, *supra*, 146 Cal.App.4th at pp. 1571-1574, 1576-1577.) According to the court, "In short, the potential for abuse of the class action procedure is overwhelming, while the interests of the real parties in interest are minimal. Precertification discovery under these circumstances would be an abuse of discretion." (*Id*. at p. 1577; see *Starbucks*, *supra*, 194 Cal.App.4th at pp. 825-826.)

10

The court in *Cryoport Systems* affirmed the sustaining of a demurrer against a complaint for unfair business practices in which the plaintiff failed to allege that it had standing. (*Cryoport Systems*, *supra*, 149 Cal.App.4th at p. 629.) The court held that the plaintiff waived any argument that it was entitled to conduct discovery to identify a new class representative because it failed to move for discovery in the trial court and failed to adequately articulate its argument on appeal. (*Id*. at p. 633.) However, the court also addressed the argument on the merits. After reviewing the facts, the court determined the potential for abuse of discovery was great because the plaintiff lacked interest in the litigation, and the potential class members' interests were minimal because the plaintiff had not shown that a class action was their only avenue for relief. Therefore, the potential for abuse of the class action procedure far outweighed the interests of potential class members and to allow precertification discovery would be an abuse of discretion. (*Id*. at p. 634.)

In the present case, Deluca relies heavily on *CashCall, Inc. v. Superior Court* (2008) 159 Cal.App.4th 273 (*CashCall*), which followed a year later. In *CashCall*, the plaintiffs brought a class action against a collection agency that admittedly engaged in illegal, secret monitoring of telephone calls involving CashCall debtors. Through discovery, the originally named plaintiffs determined that the collection agency had not monitored their calls. The plaintiffs moved for an order compelling the defendant to identify potential class members whose calls had been secretly monitored and who could serve as class representatives. The court granted the motion and ordered the defendant to provide the information to a third party administrator who could serve them notices. (*Id*. at pp. 279-283.)

On appeal, the court rejected the defendant's argument that in cases where the plaintiffs have never been class members, a bright-line rule precluding precertification discovery to identify class members should apply and the *Parris* weighing test should be inapplicable. (*CashCall*, *supra*, 159 Cal.App.4th at pp. 285-286, 290-291.) The court

11

stated that a class action plaintiff without standing should be allowed to move for, and potentially obtain, precertification discovery to identify potential class members. (*Id*. at pp. 287-288.) In affirming the discovery under the *Parris* balancing test, the court described a "Catch 22" absurdity: the only conceivable class members were debtors who were unaware of the secret monitoring. How then would they know to join in the litigation? (*Id*. at p. 280.) Under the facts before it, the court concluded the plaintiffs could engage in discovery to ascertain replacement class representatives. "Without that precertification discovery, the class of 551 members whose calls were secretly monitored would be unable to obtain any relief for the alleged violations of their privacy rights." (*Id*. at p. 291.)

In *Safeco*, *supra*, 173 Cal.App.4th 814, the appellate court cited *CashCall* extensively. In *Safeco*, a class action was brought against automobile insurers for alleged violation of the unfair competition law for purportedly charging higher premiums to drivers with no previous coverage or a lack of continuous coverage. The class representative, who was not a member of the class she purported to represent, moved for precertification discovery to find a new class representative. The trial court granted the motion and the insurers challenged the order. (*Id*. at pp. 816-820.) The appellate court cited *CashCall* in rejecting the insurer's argument that a plaintiff who was never a member of the class cannot be allowed to conduct precertification discovery. (*Id*. at p. 831.)

In addition, the court found the insurer failed to show an abuse of discretion under the *Parris* balancing test: "We conclude that the trial court did not abuse its discretion in this regard. The court reasonably concluded that the rights of the class members in these circumstances are substantial. As was the case in *CashCall* [citation], and unlike *First American* [citation], the circumstances here make it likely that class members would be denied relief if precertification discovery were not allowed and the class action were dismissed. Those circumstances include the difficulty for an individual class member of

12

determining whether his or her lack of prior insurance or lack of continuous coverage resulted in a premium surcharge, the potential statute of limitations bar, and the absence of any other action or enforcement proceeding that could provide relief. The trial court has considerable discretion in evaluating the evidence and making these determinations. Moreover, the court's determination that plaintiffs' counsel had presented a strong offer of proof on the merits of the complaint also supports the conclusion that the rights of the class members are substantial." (*Safeco*, *supra*, 173 Cal.App.4th at p. 834.) In addition, the court noted the trial court did not find the plaintiff or her attorney "had no reasonable, good faith belief that she had standing when she was first substituted as a plaintiff, but instead concluded that she 'may have been substituted as the named plaintiff in good faith.' " (*Id*. at p. 830.)

Most recently, in *Starbucks*, three job applicants brought a class action alleging that Starbucks illegally asked about marijuana convictions more than two years old. In a previous opinion, the appellate court held the real parties in interest did not have standing to represent the proposed class because none had any marijuana convictions to reveal. The court declined to turn the litigation into a " 'veritable financial bonanza for litigants like [real parties in interest] who had no fear of stigmatizing marijuana convictions.' [Citation.]" (*Starbucks*, *supra*, 194 Cal.App.4th at p. 822.) However, the trial court allowed the real parties in interest to file an amended complaint and allowed further discovery to find a suitable class representative. The trial court ordered Starbucks to randomly review job applications until it identified job applicants with prior marijuana convictions and to provide the names to counsel unless they affirmatively opted out to a neutral administrator. (*Id*. at p. 823.)

The appellate court noted the irony of the situation: "Can a purported remedy cause the very disease it is supposed to prevent? In this so-called 'headless' class action, the answer regrettably is yes." (*Starbucks*, *supra*, 194 Cal.App.4th at p. 822.) The Legislature reformed the state's marijuana laws to require the destruction of all records of

13

minor marijuana convictions more than two years old and prohibited employers from asking about such convictions. (*Ibid.*) However, by providing for the disclosure of job applicants with minor marijuana convictions, the discovery order ironically violated the very marijuana reform legislation the class action purported to enforce. (*Id.* at p. 823.) After discussing the manifest harm and minimal benefit, the appellate court found the trial court abused its discretion in allowing the proposed precertification discovery. (*Id.* at p. 828, citing *First American*, *supra*, 146 Cal.App.4th 1564 and *Cryoport Systems*, *supra*, 149 Cal.App.4th at p. 634.)

The court also distinguished *CashCall*, where potential class members were unaware of illegal, secret monitoring of telephone calls: "Here, in contrast, Starbucks's job applicants who had marijuana convictions know about their own previous convictions and about the fact that they had applied for a job at Starbucks. They are free to effectuate the legislative purposes underlying Labor Code section 432.8 by bringing individual actions . . . ." (*Starbucks*, *supra*, 194 Cal.App.4th at p. 829.) The court declined Starbucks's request to disavow *CashCall*: "We see no need to revisit *CashCall*, or to adopt a blanket rule against headless class discovery, as Starbucks seeks here. In the context of this case, the *Parris* balancing test works to prevent the types of abuses Starbucks decries. We do not roam through the case books ' "as knights *errant amici* searching for deficiencies" ' that do not affect the outcome of the matter before us. [Citation.]" (*Starbucks*, at p. 830.)

## DELUCA'S PRECERTIFICATION DISCOVERY MOTION

Where does this leave Deluca's request for precertification discovery? We begin by considering the factors to be balanced under the *Parris* test.

We note Deluca was never a member of the class she sought to represent. She does not claim a disability and CVS did not terminate her. We are hard pressed to explain why the trial court stated it "does not find that Deluca or her counsel had no reasonable, good faith belief that she lacked standing when the suit was initiated." There

14

is no evidence in the record that Deluca had any reason to believe she was a victim of the alleged termination policy when she filed suit. In *Best Buy*, cited by the trial court, the named plaintiff, at the time of the filing of the class action, was a member of the class. Intervening law held that an attorney could not be both a class representative and class counsel. (*Best Buy*, *supra*, 137 Cal.App.4th at p. 774.)

The potential for abuse of the class action procedure is self-evident where the only named plaintiff has never been a member of the class. Here we find this potential for abuse far outweighs any conceivable benefit to the class.

The facts before us harken back to *Starbucks* as opposed to *CashCall.* In *CashCall* the potential class members were completely unaware of their potential claims, since the defendant surreptitiously recorded their calls. Moreover, the defendant admitted it engaged in illegal, secret monitoring of phone calls. In *Starbucks*, class members who had marijuana convictions knew about that fact when they filed a job application requiring disclosure of such convictions.[2]

Here, CVS employees know whether or not they were terminated and the circumstances surrounding their terminations. These potential class members know if they have a qualified disability, if that disability prevented them from working during a 45-day period, if they requested and were denied a leave as a reasonable accommodation, and if they were terminated for not working during this period. Given this knowledge, the terminated employees can pursue a claim under the FEHA to vindicate their rights and recover monetary damages. In addition, the privacy rights of the putative class

---

[2] We also note that in *Safeco* the trial court found no abuse of discretion in allowing headless precertification discovery where the class members had no way of knowing whether they had been charged a higher premium, there was no other action or enforcement proceeding that might provide relief, and counsel presented a strong offer of proof that the defendant had the purported surcharge policy. (*Safeco*, *supra*, 173 Cal.App.4th at pp. 833-834.) However, none of these factors apply in the present case.

members add to the potential for abuse and undercut the benefits of precertification discovery. Deluca's counsel would inquire as to whether or not a CVS employee is disabled, the nature of the disability, and the circumstances surrounding a termination. As in *Starbucks*, we find such requested discovery impinges on the privacy rights of potential class members.

Class actions rest on considerations of equity and justice. Based on the facts before us, and applying the *Parris* test, we find the actual or potential abuse of the class action procedure outweighs the potential benefits that might be gained. Therefore, the trial court abused its discretion in allowing the proposed precertification discovery.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent Superior Court of Sacramento County to vacate its discovery order of August 29, 2014. CVS is awarded costs in this original proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

                                             RAYE , P. J.

We concur:

HULL , J.

RENNER , J.

16

Filed 10/15/15

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----


| | |
|---|---|
| CVS PHARMACY, INC., et al., | C077622 |
| Petitioners, | (Super. Ct. No. 34201300156661CUOEGDS) |
| v. | |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| CHARLENE DELUCA, | |
| Real Party in Interest. | |


ORIGINAL PROCEEDING in mandate. David I. Brown, J. Peremptory writ of mandate issued.

Littler Mendelson, Michael E. Brewer, Michael G. Leggieri and Johanna R. Carney for Petitioners.

No appearance for Respondent.

The Velez Law Firm, Mark P. Velez and Kellen Crowe for Real Party in Interest.

1

THE COURT:

The opinion in the above-entitled matter filed on September 15, 2015, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

BY THE COURT:


_____RAYE_____, P. J.


_____HULL_____, J.


_____RENNER_____, J.